Hillsborough
No. 7476

ANNETTE O'KEEFE

v.

ASSOCIATED GROCERS OF NEW ENGLAND, INC.

February 28, 1977

*James A. Connor* and *McLane, Graf, Greene, Raulerson & Middleton,* of Manchester, and *Stephen E. Borofsky* (*Mr. Connor* and *Mr. Borofsky* orally) for the plaintiff.

*Wadleigh, Starr, Peters, Dunn & Kohls,* of Manchester, and *James C. Wheat (Mr. Wheat* orally) for the defendant.

KENISON, C.J. On August 9, 1974, the plaintiff's husband suffered work-related nonfatal injuries for which he received workmen's compensation benefits pursuant to RSA chapter 281. The plaintiff brought this action for loss of consortium. RSA 507:8–a. The defendant moved to dismiss on the ground that the suit is barred by RSA 281:12 (Supp. 1975) which states in relevant part that "[t]he spouse of an employee entitled to benefits under this chapter shall have no direct right of action against the employer, or the employer's insurance carrier, to recover for consequential damages." The Trial Court *(Keller,* C.J.) granted the motion and the plaintiff's exceptions were noted. All questions of law were reserved and transferred to this court.

The sole issue in this case is whether RSA 281:12 (Supp. 1975) bars the plaintiff's suit for loss of consortium. We begin our inquiry by considering the relationship between consortium actions and RSA 281:12 as that provision existed prior to the 1971 amendment. In *LaBonte v. National Gypsum Co.,* 110 N.H. 314, 269 A.2d 634 (1970), we held that a wife's right to sue for loss of consortium is separate and distinct from her husband's rights against his employer to recover for the injuries he sustains. We further held that even though the husband's injury was compensable under RSA chapter 281, and section 12 of that chapter barred him from maintaining any common law action against his employer, the wife was not barred from suing the employer for loss of consortium. The reason was that the waiver in RSA 281:12 specifically refers to "his," that is, the employee's rights of action and not to the wife's separate right to sue for loss of consortium. 2A A. Larson, The Law of Workmen's Compensation § 66.10 (1976).

We also considered the relationship between consortium suits and RSA 281:12 in *Archie v. Hampton,* 112 N.H. 13, 287 A.2d 622 (1972). The plaintiff's husband suffered fatal, work-related injuries in 1969. Because the injuries were fatal, the plaintiff herself was entitled to compensation under RSA 281:22. After receiving $12,000 in benefits, she sued the employer for loss of consortium upon the authority of *LaBonte.* The *Archie* defendant attempted to distinguish *LaBonte* on the ground that *LaBonte* involved a nonfatal injury. In such cases, the wife has no remedy of her own under the workmen's compensation statute. The defendant argued

that in his case the wife had a remedy of her own and that remedy compensated her for the death of her husband and that she could not sue the employer for loss of consortium. Rejecting the defendant's argument, we found no distinction between fatal and nonfatal cases for the purpose of allowing consortium actions.

In 1971, the legislature amended RSA 281:12 by adding the following sentence: "The spouse of an employee entitled to benefits under this chapter shall have no right of action at common law against the employer . . . to recover for consequential damages." Laws 1971, 539:5. The plaintiff contends that the purpose of this amendment was not only to affirm legislatively the holding in *LaBonte* allowing consortium suits in nonfatal cases but also to adopt the defendant's position in *Archie* that such suits should be barred in fatality cases because the spouse has a remedy of her own under RSA chapter 281. For the amending sentence to achieve this result, one must read the phrase "entitled to benefits under this chapter" as referring to spouses rather than employees.

We cannot accept the plaintiff's view of the purpose of the 1971 amendment. In the senate debate, one senator, who was a member of the committee which drafted the amendment, made clear that the purpose of the amendment was to overrule *LaBonte*. He feared that, under *LaBonte,* spouses would bring consortium actions "in endless numbers of workmen's compensation cases." N.H.S. Jour. 2004 (1971). In his opinion, the workmen's compensation law, one of the most liberal in the nation at that time, would be severely undermined unless such lawsuits were barred. *Id.* The committee responsible for writing the workmen's compensation bill included, in addition to legislators, representatives of management, labor and insurance carriers. The senator stated that the barring of consortium actions was "one section that labor gave into management on." *Id.* at 1200. He suggested that the exceptionally generous benefits under our workmen's compensation law were made possible, in part, by revoking the spouse's right to sue. *Id.* at 2003–04.

The plaintiff's reading of the amendment is even less persuasive in view of the fact that *Archie* was decided in 1972 many months after the debate on the 1971 amendment. Thus, it is unlikely that the legislature ever considered the distinction, made by the defendant in *Archie,* between fatal and nonfatal injuries. Certainly, the legislative debate contains no reference to such a dichotomy. The reason the plaintiff in *Archie* was permitted to sue was because her husband's injury occurred in 1969. We applied RSA 281:12 as it

existed prior to 1971 and never mentioned the law as it was changed.

■ The plaintiff does not dispute that consortium actions are barred when the employee dies. In search of an explanation as to why the legislature might have wanted to bar consortium suits in fatality cases but not in others, the plaintiff argues that if a spouse were allowed to receive workmen's compensation benefits, and also to recover for loss of consortium she would be compensated doubly. This analysis ignores the fact that death benefits under RSA chapter 281 are designed to provide a woman with a limited amount of support in lieu of her husband's earnings, "not to compensate her for her loss of 'comfort, companionship and commitment to the needs of each other' which constitute consortium." *Archie v. Hampton,* 112 N.H. at 16, 287 A.2d at 625. Given that workmen's compensation benefits remedy losses unrelated to those compensable through consortium suits, *see Robbins v. Perini Corp.,* 107 N.H. 290, 220 A.2d 737 (1966); 1 A. Larson, *supra* § 2.40 (1972), the plaintiff's double recovery rationale cannot be accepted.

■ The 1973 amendment to RSA 281:12 does not support the plaintiff's argument. In 1973 the legislature replaced the phrase "right of action at common law" with the phrase "direct right of action" so that the last sentence of RSA 281:12 would read: "The spouse of an employee entitled to benefits under this chapter shall have no direct right of action against the employer . . . ." Laws 1973, 481:3. The plaintiff believes that this change indicates a legislative intent to limit the waiver provision to cases in which the spouse has a separate, distinct and direct remedy under the workmen's compensation law; that is, in fatality cases. Although there is no legislative history for this amendment which might assist us in understanding the change, we are confident that the purpose of the change was to rectify a technical error that the legislature had made in 1971 in denominating the wife's consortium action as a "right of action at common law." No such right existed at common law. *Bromfield v. Seybolt Motors,* 109 N.H. 501, 256 A.2d 151 (1969); *Snodgrass v. Cherry-Burrell Corp.,* 103 N.H. 56, 164 A.2d 579 (1960). That the legislators were unmindful of that fact is apparent from both the language of the 1971 amendment and certain remarks made by some senators. N.H.S. Jour. 1201, 2004 (1971). The 1973 amendment simply corrected the 1971 oversight.

As further support for the defendant's position that RSA 281:12 bars all spousal suits in workmen's compensation cases, we note that in 1975 Senator Bossie introduced Senate bill 72, the purpose of which was to restore RSA 281:12 to its pre-1971 language thereby permitting spousal suits. Action on this bill was "indefinitely postponed." N.H.S. Jour. 211 (1975). In *William H. Field Co. v. Nuroco Woodwork, Inc.*, 115 N.H. 632, 635, 348 A.2d 716, 718 (1975), we stated: "In 1971, following *LaBonte,* an amendment to RSA 281:12 provided that a spouse of an employee would have no right of action against the employer for consequential damages." However, the scope and effect of the 1971 amendment was neither briefed nor argued, and we did not decide the question presented today. Having now fully considered the issue, we hold that RSA 281:12 does bar the plaintiff's suit for loss of consortium. 2A A. Larson, *supra* § 66.20; Annot., *Wife's Right of Action for Loss of Consortium,* 36 A.L.R. 3d 900, 929–30 (1971).

*Plaintiff's exception overruled.*

DOUGLAS, J., did not sit; the others concurred.