Belknap
No. 7981

HILDA G. AHERN

v.

LACONIA COUNTRY CLUB, INC.

September 27, 1978

*James J. Kalled,* of Wolfeboro, by brief and orally, for the plaintiff.

*Sheehan, Phinney, Bass & Green P.A.,* of Manchester (*Claudia C. Damon* orally), for the defendant.

LAMPRON, C.J.    This is an action in tort. The plaintiff, Hilda G. Ahern, alleges that the defendant, Laconia Country Club, Inc., negligently maintained an unsafe workplace causing her husband to suffer work-related injuries on May 7, 1972. She seeks recovery of consequential damages and loss of consortium. The defendant filed a motion to dismiss relying on RSA 281:12 of the Workmen's Compensation Law, which was denied by the court. After this court's ruling in *O'Keefe v. Associated Grocers,* 117 N.H. 132, 370 A.2d 261 (1977), the defendant filed a second motion to dismiss; this motion was granted. Plaintiff seasonably excepted to the granting of the motion to dismiss. All questions of law were reserved and transferred by *Batchelder,* J.

In 1971 (Laws 1971, 539:5), the legislature amended RSA 281:12 of the Workmen's Compensation Law by adding this sentence: "The spouse of an employee entitled to benefits under this chapter shall have no right of action at common law against the employer . . . to recover for consequential damages." In 1973 (Laws 1973, 481:3), the legislature replaced the phrase "right of action at common law" with the phrase "direct right of action" so that the pertinent sentence reads: "The spouse of an employee entitled to benefits under this chapter shall have no direct right of action against the employer . . . to recover consequential damages." RSA 281:12. A woman's consortium action, which did not exist at common law, was created by statute in 1967. RSA 507:8-a.

The sole question presented is whether the legislature's 1971 amendment to the Workmen's Compensation Law bars this plaintiff's suit for loss of consortium which arose in 1972, when her action was one of statutory making, not one "at common law."

■    It is well-established law that the intention of the legislature as expressed in the statute is the touchstone to its meaning. *Plymouth School Dist. v. State Bd. of Ed.,* 112 N.H. 74, 289 A.2d 73 (1972). Thus, we must look to the language of the statute itself as the prime determining factor in its interpretation. Where the language of a statute is plain and unambiguous, the statute must be given effect according to its plain and obvious meaning. 82 C.J.S. *Statutes* § 322 (1953). The legislature must be presumed to know the meaning of

words, and to have used the words of a statute advisedly. 73 Am. Jur. 2d *Statutes* § 196 (1974). Courts have no right to redraft legislation to make it conform to an intention not fairly expressed therein. *Trustees &c. Academy v. Exeter*, 92 N.H. 473, 478, 33 A.2d 665, 669 (1943); *R. A. Vachon & Son, Inc. v. Concord*, 112 N.H. 107, 113, 289 A.2d 646, 650 (1972).

At the time of the injury to the plaintiff's husband, RSA 281:12 barred any "right of action at common law" which he had against the employer. This would include a husband's suit for loss of consortium. A wife's suit for loss of consortium was not an action at common law, but rather an action created by statute in 1967. Thus, the wife's action would not be barred. The language of the statute is clear and unambiguous. We are not inclined to hold that the legislature did not know the difference between a right of action created by common law and one enacted by statute.

The defendant, however, contends that it was the intent of the legislature to extinguish all forms of actions by spouses of employees. The defendant maintains the subsequent amendment in 1973, which replaced the words, "action at common law," with the words, "direct rights of action", only corrected a technical error. Nevertheless, the question before us is not what the legislature ought to have done when it enacted this statute but what it did, as expressed in the words of the statute itself. *See State v. Cutting*, 114 N.H. 200, 317 A.2d 553 (1974). Nor is it for this court to add terms to the statute that the legislature did not see fit to include. *Sigel v. Boston & Maine R.R.*, 107 N.H. 8, 216 A.2d 794 (1966); 82 C.J.S. *Statutes* § 328 (1953). It is not our function to speculate upon any supposed intention not appropriately expressed in the act itself. Relief "from its inappropriateness" must be sought through further legislative action. *Trustees &c. Academy v. Exeter*, 92 N.H. 473, 478, 33 A.2d 665, 669 (1943).

Finally, the defendant contends that *O'Keefe v. Associated Grocers*, 117 N.H. 132, 370 A.2d 261 (1977), bars the plaintiff's action. Because of the time element, *O'Keefe* is distinguishable from the case at bar. *O'Keefe* took place following the 1973 amendment to RSA 281:12 and therefore the plaintiff was clearly barred from recovery. The injury to the plaintiff's husband, however, occurred at the time the statute barred only an "action at common law." As the

plaintiff's cause of action was created by statute, the granting of the motion to dismiss was improper.

*Exceptions sustained; remanded.*

BROCK, J., did not sit; the others concurred.