STATE OF ALABAMA, Petitioner,

v.

F. Ray MARSHALL, Secretary of Labor, Respondent.

STATE OF NEVADA, Petitioner,

v.

F. Ray MARSHALL, Secretary of Labor, Respondent.

Nos. 79–3968, 79–4032.

United States Court of Appeals, Fifth Circuit.

Sept. 8, 1980.

Carol A. Mutter, Hogan & Harston, Stuart P. Ross, Peter W. Tredick, Allen R. Snyder, Patricia R. Ambrose, Washington, D. C., Craig A. Donley, George C. Cocoris, Montgomery, Ala., for petitioners.

Carin A. Clauss, Sol. of Labor, Lois G. Williams, Joseph M. Woodward, Baruch A. Fellner, U. S. Dept. of Labor, Ray H. Darling, Executive Secretary, O. S. H. R. C., Washington, D. C., for respondent.

Thomas G. Keith, Huntsville, Ala., Robert J. Varley, Legal Services Corp. of Ala., Montgomery, Ala., amicus curiae for Martha G. Miles.

Bruce E. Endy, Philadelphia, Pa., amicus curiae for National Association of Catholic School Teachers.

Ann E. Coover, Corpus Christi, Tex., William B. Ball, Philip J. Murren, Harrisburg, Pa., amicus curiae for Assoc. of Christian Schools International et al.

Philip E. Draheim, St. Louis, Mo., amicus curiae for Lutheran Church-Missouri Synod.

Tedd N. Williams, Cleveland, Ohio, amicus curiae for Alexander City Baptist Tabernacle et al.

Gerald C. Tobin, Asst. Gen. Counsel, Wilfred R. Caron, Washington, D. C., amicus curiae for United States Catholic Conference.

Before COLEMAN, Chief Judge, RONEY and GARZA, Circuit Judges.

GARZA, Circuit Judge:

The question presented for our determination is whether the Unemployment Compensation Amendments of 1976[1] discontinued the Federal Unemployment Tax Act (FUTA)[2] exemption for employees of elementary and secondary church schools. For an understanding of the present controversy a brief review of the relevant FUTA exemptions is in order.

Prior to 1970, FUTA did not require states' unemployment compensation programs to include nonprofit organizations, such as hospitals and schools, within their unemployment compensation coverage. The Employment Security Amendments of 1970[3] required states' programs to include these organizations within their coverage, but the amendments provided two express exemptions of importance to this case. 26 U.S.C. § 3309(b)(1) provided an exemption for service performed:

(1) in the employ of (A) a church or convention or association of churches, or (B) an organization which is operated primarily for religious purposes and which is operated, supervised, controlled, or principally supported by a church or convention or association of churches.

---

1. Pub.L. No. 94–566, 90 Stat. 2667.

2. 26 U.S.C. § 3301 et seq.

3. Pub.L. No. 91–373, 84 Stat. 695.

Section 3309(b)(3) provided an exemption for service performed "in the employ of a school which is not an institution of higher education."

In 1976, Congress deleted the exemption contained in § 3309(b)(3) thereby requiring coverage of elementary and secondary schools. Following the 1976 amendments, Petitioners, Alabama and Nevada, modified their compensation laws to delete the corresponding exemptions within their program coverage.[4] After over a year of equivocation, the Secretary of Labor took the official position that the deletion of § 3309(b)(3) required coverage of services performed in all elementary and secondary schools, including church schools. The Secretary's position was and remains that § 3309(b)(1)(B) has no application to church schools and that § 3309(b)(1)(A) applies only to "those strictly church duties performed by church employees at the school pursuant to their church responsibilities."[5] Alabama and Nevada refused to follow the Secretary's interpretation of the law[6] and the Secretary instituted administrative proceedings to withhold certification of Petitioners' compensation programs. After an evidentiary hearing the Administrative Law Judge determined that the Secretary's position was erroneous and recommended that the Petitioner's programs be certified.[7] Feeling that the term "church" should be narrowly defined to include only the physical house of worship, the Secretary rejected the recommendation of the Administrative Law Judge on October 31, 1979 and the Petitioners now seek review of the Secretary's ruling.

The Petitioners contend that sectarian elementary and secondary schools remain exempt under the "plain language" of § 3309(b)(1)(A) because the services performed by employees of these schools are performed in the "employ of a church." In support of their argument that church schools are within the statute's meaning of "church", the Petitioners point to the uncontradicted evidence in the administrative record showing that: many of the church schools have no separate legal existence from their church; the school employees are hired, controlled, disciplined, and fired by church representatives and officials; school buildings are owned by the church; and school employees are paid with funds drawn from the church accounts. To support their argument that employees of church schools are in fact employees of the church, the Petitioners point to 26 U.S.C. § 3306(a)(1) which defines "employer" and "any person who . . . paid wages." Additionally, 26 C.F.R. § 31.3121(d)–1(c)(2) (1979) explains that an employer-employee relationship exists when the employer has a right to control the manner in which services are performed, has the right to discharge the person performing the services, and furnishes the place to work. Lastly, the Petitioners cite many cases which recognize that services performed by parochial schools are an "integral part" of the religious mission of the governing church. *NLRB v. Catholic Bishop*, 440 U.S. 490, 99 S.Ct. 1313, 59 L.Ed.2d 533 (1979); *Meek v. Pittenger*, 421 U.S. 349, 95 S.Ct. 1753, 44 L.Ed.2d 201 (1975); *Lemon v. Kurtzman*, 403 U.S. 602, 91 S.Ct. 2105, 29 L.Ed.2d 745 (1971).

 Although both sides of this case point to evidence of Congressional intent favoring their positions, the law is well settled that a statute must be interpreted according to its plain language unless a

---

**4.** Ala.Code § 25–4–10(b)(21); Nev.Rev.Stat. § 612.121 (1977).

**5.** Unemployment Insurance Program Letter No. 39–78 (May 30, 1978).

**6.** The Alabama Department of Industrial Relations refused to comply with the Department of Labor's directive after having been enjoined to do so as a consequence of litigation of this issue in the state courts.

**7.** The Administrative Law Judge relied upon both § 3309(b)(1)(A) and (B) and based his recommendation for certification on several reasons: the "plain language" of the statute; the Congressional intent and history; and the probability of state-church "entanglement". We express no opinion on the various holdings of the Administrative Law Judge, but rest our opinion solely on the "plain language" of § 3309(b)(1)(A).

clear contrary legislative intention is shown. *See NLRB v. Catholic Bishop, supra; U. S. v. Apfelbaum,* 445 U.S. 115, 100 S.Ct. 948, 63 L.Ed.2d 250 (1980). Regarding § 3309(b)(1)(A), we can find no clear Congressional intention to desire a result contrary to its plain language. The statute plainly indicates that the exemption is contingent upon who the employer is and is not contingent upon the type of services the employee is performing. There is no question here that the persons performing services in these religious schools fall within the "in the employ of" language of the statute, therefore, if the employees involved are employed by a "church", the exemption applies to them. Resolution of this question depends upon what is meant by "church" as used in the statute. We are convinced that the plain meaning of "church" requires a definition as something qualitatively greater than the physical building of worship and, at a minimum, the term encompasses the legal entity commonly referred to as a church. The Secretary would avoid the legal consequences of this definition by excluding the very people which comprise a church as an entity and perform its functions. For this court to adopt such a limited definition would be for us to ignore the historic function of churches and defy the definition of the word as used in our vocabulary.

If Congress desires to change the established exemption of unemployment compensation coverage for elementary and secondary parochial school employees, it is well within its ability to amend the law to reflect that desire by drafting a clear statement to that effect. But, it is not the responsibility or function of this court to perform linguistic gymnastics in order to upset the plain language of Congress as it exists today.

Petition for Review is GRANTED and the Decision of the Secretary of Labor is hereby SET ASIDE.