THE LUTHERAN CHURCH-MISSOURI SYNOD *et al.*, Plaintiffs-Appellees, *v.* WILLIAM M. BOWLING, Director of the Department of Labor, Defendant-Appellant.

Fourth District    No. 16075

Opinion filed October 1, 1980.

William J. Scott, Attorney General, of Chicago (Joseph D. Keenan, II, Barbara Fritsche, and Sheryl K. Essenburg, Assistant Attorneys General, of counsel), for appellant.

Olsen & Olsen, of Springfield, and Kurt A. Heerwagen, of Boeger & Heerwagen, of Hillside (Harold M. Olsen, Nils A. Olsen, and Kurt A. Heerwagen, of counsel), for appellees.

Mr. JUSTICE CRAVEN delivered the opinion of the court:

At issue is the construction to be given section 211.3 of the Unemployment Insurance Act (Act) (Ill. Rev. Stat. 1979, ch. 48, par. 321.3):

"For the purpose of Section 211.2, the term 'employment' shall not include services performed

A. In the employ of (1) a church or convention or association of churches, or (2) an organization or school which is not an institution of higher education, which is operated primarily for religious purposes and which is operated, supervised, controlled or princi-

pally supported by a church or convention or association of churches;

B. By a duly ordained, commissioned, or licensed minister of a church in the exercise of his ministry or by a member of a religious order in the exercise of duties required by such order;

C. Prior to January 1, 1978, in the employ of a school which is not an institution of higher education;

\* \* \*."

Prior to amendment of section 211.3 by Public Act 80-1, 2nd Sp. Sess., §1, effective November 9, 1977, the section had read, in part:

"A. \* \* \* (2) an organization which is operated primarily for religious purposes and which is operated, supervised, controlled or principally supported by a church or convention or association of churches;

\* \* \*

C. In the employ of a school which is not an institution of higher education."

Plaintiffs sought declaratory and injunctive relief, claiming that the employees of the parochial elementary and secondary schools were exempt from unemployment insurance coverage under section 211.3. On November 15, 1979, the circuit court held that plaintiffs are exempt and issued an injunction enjoining defendant from enforcing the Act against plaintiffs. Defendant has appealed.

■■ The trial judge utilized a plain-language test and held for plaintiffs. We conclude that section 245B of the Act (Ill. Rev. Stat. 1979, ch. 48, par. 370B) requires that section 211.3 be construed in a manner consistent with the Federal Unemployment Tax Act (FUTA) (26 U.S.C. §3301 *et seq.* (1976)). In short, the Federal and State statutes are two parts of one scheme. Illinois employers who pay the State tax are entitled to Federal tax credits if the State statute meets Federal requirements. The Illinois legislature, by section 245B, mandates that employers be assured of their tax credits. Thus, the construction to be given section 211.3 is the construction that Federal law gives the counterpart section 3309(b) of FUTA (26 U.S.C. §3309(b) (1976)).

The amendment in 1977 of section 211.3 was inspired by amendments to section 3309(b) of FUTA as contained in the Unemployment Compensation Amendments of 1976. (Pub. L. No. 94-566, 90 Stat. 2667.) The United States Secretary of Labor has construed section 3309(b), as amended in 1976, as requiring State unemployment insurance coverage of employees of all private nonprofit elementary and secondary schools. Defendant argues in this court that the Secretary based his construction on the fact that the applicable Senate Report stated that the employees of all nonprofit elementary and secondary schools would now be covered by

FUTA, bringing about 242,000 new employees within coverage (Senate Report, S. Rep. 1265, 94th Cong. 2nd Sess. 8 (1976)). The Secretary, and defendant, assert that 85 percent of the 242,000 are employees.of church-related schools and thus Congress must have intended to include parochial school employees within FUTA's coverage. We cannot find the Secretary's figure of 85 percent in the legislative materials cited to us, and we feel somewhat constrained in leaping to the conclusion offered.

The Federal statute, FUTA, we find extremely ambiguous. Another court, dealing with this same issue, has come to this same conclusion. (See *Alabama v. Marshall* (5th Cir. 1980), 626 F.2d 366.) That court has held that the Federal exemption for church-related employees is still in effect.

We have a high regard for consistency in the law. It should be that once a proposition has been authoritatively set, others may place reliance on the decision. We recognize that judicial pronouncements are not set in granite, but may change as circumstances change. The United States Court of Appeals for the Fifth Circuit has decided the issue. It is a Federal court and it has construed a Federal statute. While its decision is not binding upon us, we consider that its opinion is soundly reasoned. It notes that the parochial schools had an exemption before the 1976 amendments to FUTA. The amendments do not clearly remove the exemption. Like the Fifth Circuit, we find the plain language of the statute contains the exemption, and we will not reach a different result where our search of the legislative history reveals only slim reeds to support contrary arguments.

■■ Persuaded greatly by the Fifth Circuit decision, together with our independent review of the record and briefs before us, it is our judgment that the order of the circuit court be affirmed.

Affirmed.

MILLS, P. J., and WEBBER, J., concur.