74

Merrimack
Nos. 80-278
     80-280
     80-288
     80-289

Belknap
No. 80-362

SANT BANI ASHRAM, INC.

v.

NEW HAMPSHIRE DEPARTMENT OF EMPLOYMENT SECURITY & a.

THE ROMAN CATHOLIC BISHOP OF MANCHESTER

v.

NEW HAMPSHIRE DEPARTMENT OF EMPLOYMENT SECURITY & a.

DUBLIN CHRISTIAN ACADEMY

v.

NEW HAMPSHIRE DEPARTMENT OF EMPLOYMENT SECURITY & a.

NEW CHRISTIAN FELLOWSHIP, INC. & a.

v.

NEW HAMPSHIRE DEPARTMENT OF EMPLOYMENT SECURITY & a.

February 23, 1981

*Upton, Sanders & Smith,* of Concord (*Robert Upton, II,* orally), for the plaintiff Sant Bani Ashram, Inc. (80-278).

*Burns, Bryant, Hinchey, Cox & Shea,* of Dover (*James H. Schulte* orally), for the plaintiff Roman Catholic Bishop of Manchester (80-280; 80-289).

*Nighswander, Lord, Martin & KillKelley,* of Laconia (*Bradley F. Kidder* orally), for the plaintiff Dublin Christian Academy (80-288).

*Peter A. McFarlane,* of Ossipee, by brief for the plaintiffs New Christian Fellowship, Inc. *& a.* (80-362).

*Edward F. Smith,* of Concord, by brief and orally, for the defendants.

*Tedd N. Williams,* of Parma Heights, Ohio, and *Fred Potter,* of Concord (*Mr. Williams* orally), for amici curiae Christian Law Association *& a.*

*F. James Foley* and *Mark C. Rutzick,* United States Department of Justice (*Mr. Foley* orally), for amicus curiae United States of America.

*Robert V. Johnson,* of Concord, and *Johns & Carson,* of Washington, D.C. (*Walter E. Carson* orally), for amicus curiae Northern New England Conference of Seventh-Day Adventists.

*Edmund J. Boutin,* of Londonderry, by brief for amicus curiae Calvary Christian Schools, Inc.

PER CURIAM. These consolidated appeals present the issue whether persons employed in church-related elementary and secondary schools are covered by our unemployment compensation statute, RSA ch. 282. We hold that they are not.

The plaintiff Dublin Christian Academy is a private Christian secondary school; the other three plaintiffs are churches which operate elementary and secondary schools as part of their religious ministry. The defendants are the State of New Hampshire, the New Hampshire Department of Employment Security (department), and the department's commissioner, Benjamin C. Adams.

These consolidated appeals arise from decisions by the department that the schools are covered by RSA ch. 282 and that, therefore, the plaintiffs are required to maintain certain records, RSA 282:9 M, and either to pay contributions to the department or reimburse the State for unemployment compensation paid to their employees. RSA 282:6 A (Supp. 1979). The plaintiff New Christian Fellowship, Inc., appealed the ruling in its case to the Belknap County Superior Court pursuant to RSA 282:6 F(4). On the basis of a recommendation of a Master (*Robert A. Carignan*, Esq.), *Batchelder*, J., ordered an interlocutory transfer without ruling. The other plaintiffs each appealed the department's determination to the Merrimack County Superior Court pursuant to RSA 282:6 F(4), and a Master (*Francis E. Perkins*, Esq.) recommended that judgment be entered for the plaintiff in each case. *Cann*, J., approved this recommendation, and the defendants appealed.

Prior to 1979, RSA 282:1 H(4)(s) provided in pertinent part that the term "employment," as used in RSA ch. 282, *did not include:*

"The following services performed in the employ of an organization described in section 501(c)(3) and exempt under section 501(a) of the Internal Revenue Code:

(1) in the *employ of a church* or convention or association of churches, or an organization which is operated primarily for religious purposes and which is operated, supervised, controlled, or principally supported by a church or convention or association of churches; or

(2) by a duly ordained, commissioned or licensed minister of a church in the exercise of his ministry or by a member of a religious order in the exercise of duties required by such order; or

(3) in the *employ of a school* which is not an institution of higher education . . . ."

(Emphasis added.) In 1979, the legislature repealed subparagraph

(3). New Hampshire Laws 1979, 328:15. The defendants contend that schools such as those maintained by the plaintiffs were exempted only by subparagraph (3) and that, therefore, these schools are no longer exempt from the unemployment compensation statute. The question is whether, before the repeal of subparagraph (3), employees of church-related schools were intended to be exempted by that subparagraph rather than by subparagraph (1).

In answering this question, we are guided by the following principles of statutory construction:

> "It is well-established law that the intention of the legislature as expressed in the statute is the touchstone to its meaning . . . . Thus, we must look to the language of the statute itself as the prime determining factor in its interpretation. Where the language of a statute is plain and unambiguous, the statute must be given effect according to its plain and obvious meaning. . . . [T]he question before us is not what the legislature ought to have done when it enacted this statute but what it did, as expressed in the words of the statute itself. . . . It is not our function to speculate upon any supposed intention not appropriately expressed in the act itself."

*Ahern v. Laconia Country Club, Inc.*, 118 N.H. 623, 624–25, 392 A.2d 587, 588 (1978) (citations omitted).

The defendants argue that we should defer to the United States Secretary of Labor's interpretation of the Federal Unemployment Tax Act, 26 U.S.C. § 3301 *et seq.*, of which RSA ch. 282 is a "mirror image." The language of section 3309(b)(1) of the federal statute is identical to that of the exemption afforded by subparagraph (1) of our unemployment compensation statute. In 1976, Congress repealed section 3309(b)(3), the federal exemption corresponding to subparagraph (3) of the New Hampshire statute. The United States Secretary of Labor's position is that section 3309(b)(1) does not apply to church-related schools and that the repeal of section 3309(b)(3) required coverage of all employees of elementary and secondary schools, including church schools. Unemployment Insurance Program Letter No. 39-78 (May 30, 1978).

The Fifth Circuit Court of Appeals, however, has held that the secretary's decision is erroneous and accordingly has set it aside. *State v. Marshall*, 626 F.2d 366 (5th Cir. 1980). In doing so, the court noted that the "statute plainly indicates that the exemption is

contingent upon who the employer is and is not contingent upon the type of services the employee is performing." *Id.* at 369. Thus, the court concluded, section 3309(b)(1) exempts all persons who are employed by a church. *Id.*

We agree with the conclusion reached by the Fifth Circuit. The language of subparagraph (1) of the New Hampshire statute is clear, unambiguous, and all-inclusive. It exempts all employees of churches and of organizations which are operated primarily for religious purposes and which are operated, supervised, controlled, or principally supported by a church or group of churches, regardless of where they work or what type of services they perform. If subparagraph (3) had never been enacted, persons who worked in church-related schools would still have been exempt from the provisions of RSA ch. 282 under subparagraph (1). The only reason to have included subparagraph (3) would have been to exempt those not already exempt under subparagraphs (1) and (2), such as persons employed in secular schools. This being so, the repeal of subparagraph (3) does not affect the exemption of persons who work in church-related elementary and secondary schools. *Accord, Grace Lutheran Church v. North Dakota Empl. Security Bureau,* 294 N.W.2d 767, 771–72 (N.D. 1980); *Employment Division v. Archdiocese of Portland,* 42 Or. App. 421, 600 P.2d 926 (1979); *see* Comment, *Bringing Christian Schools Within the Scope of the Unemployment Compensation Laws: Statutory and Free Exercise Issues,* 25 VILL. L. REV. 69, 84 n.116 (1979) (cases cited therein). *Contra, In re Northwestern Lutheran Academy,* 290 N.W.2d 845, 848–49 (S.D. 1980), *cert. granted sub nom. St. Martin Evangelical Lutheran Church v. South Dakota,* 101 S. Ct. 353 (1980).

Prior to the repeal of subparagraph (3) in 1979, we had decided that "a school may be considered as an integral and inseparable part of a church." *City of Concord v. New Testament Baptist Church,* 118 N.H. 56, 60, 382 A.2d 377, 380 (1978). Thus those persons who are employed in schools which are an integral and inseparable part of a church are employees of a church and, therefore, are exempt under subparagraph (1) from the provisions of RSA ch. 282.

The facts, as found by the department, indicate a close nexus between the three plaintiff churches and their respective schools. These schools, therefore, clearly fall within the exemption provided by RSA 282:1 H(4)(s)(1). Accordingly, we affirm the

Merrimack County Superior Court's reversal of the department's determinations in Nos. 80-278, 80-280, and 80-289 because those determinations are erroneous as a matter of law; we remand No. 80-362 to the Belknap County Superior Court for proceedings consistent with this opinion.

Although the plaintiff Dublin Christian Academy is not a church, its employees are, under subparagraph (1), exempt from the unemployment compensation law if the plaintiff is "an organization which is operated primarily for religious purposes *and* which is operated, supervised, controlled, or principally supported by a church or convention or association of churches." (Emphasis added.) The department specifically found that the Dublin Christian Academy is an organization which operates primarily for religious purposes. It is unclear from the record, however, whether there is a sufficient relationship between this plaintiff and a church or group of churches to satisfy the second requirement of the statute. Accordingly, we remand No. 80-288 to the department in order for it to determine whether the Dublin Christian Academy is operated, supervised, controlled or principally supported by a church or association of churches. If the department finds in the negative and that this plaintiff, therefore, does not come within the terms of RSA 282:1 H(4)(s)(1), the plaintiff may then appeal to the superior court for a determination whether the application of our unemployment compensation statute to a Christian school, such as the plaintiff, violates the first amendment to the United States Constitution, an issue we need not consider here in light of the result reached.

*Nos. 80-278, 80-280, and 80-289 affirmed;*
*Nos. 80-288, and 80-362 remanded.*