Manchester District Court
No. 81-028

*In re* HEATHER D.

June 23, 1981

*Gregory H. Smith,* attorney general (*Jeffrey R. Cohen,* assistant attorney general, on the brief and *James E. Townsend,* assistant attorney general, orally), for the State.

*Charles H. Morang,* city attorney, and *David S. Park,* assistant city attorney (*Mr. Morang* and *Mr. Park* on the brief and *Mr. Park* orally), for the City of Keene, the City of Nashua and the New Hampshire Municipal Association, as amici curiae, and for the City of Manchester, as intervenor.

BOIS, J.   The questions of law transferred to us in this case by the Manchester District Court (*O'Neil,* J.) essentially ask us to determine whether legal counsel appointed under RSA 169-C:10 (Supp. 1979) to represent indigent *parents* charged with child *neglect* may be compensated by the State under RSA ch. 604-A ("Adequate Representation for Indigent Defendants in Criminal Cases") or by the town in which the child resides under RSA ch. 169-C (Supp. 1979) ("Child Protection Act"). We remand, holding that RSA ch. 169-C imposes liability for paying such costs on the town in which the child resides.

On December 5, 1979, a petition was brought pursuant to RSA 169-C:7 (Supp. 1979), alleging that Karen D., the natural mother of Heather D., a minor, had "neglected" the child as that term is defined in RSA 169-C:3 XIX(a) & (b) (Supp. 1979). The court set

December 12, 1979, as the date for arraignment, but the mother did not appear on that date. The court continued the case for further hearing on March 13, 1980, and awarded temporary custody of the child to the division of welfare. The mother failed to appear at the March 13 hearing as well as at another scheduled hearing. She finally appeared in court on June 23, 1980, at which time the court appointed Attorney Paul M. Gagnon to represent her pursuant to RSA 169-C:10 (Supp. 1979). On July 15, 1980, the court approved a consent decree executed by the mother regarding the physical custody of the child. The district court continues to exercise jurisdiction regarding the underlying merits of the case.

On October 21, 1980, Attorney Gagnon submitted a bill to the Manchester District Court for services rendered on behalf of Karen D. The court approved the bill on December 19, 1980, and submitted it to the Judicial Council for further approval and payment under RSA ch. 604-A. By a letter dated January 15, 1981, the Judicial Council notified Attorney Gagnon that it had "no authority to pay for the attorney appointed to represent indigent parents pursuant to RSA 169-C:10 . . . [and that] . . . [p]ayment for representation of indigent adults in a non-criminal proceeding is beyond the scope of Chapter 604-A." The council further suggested that the attorney seek payment from the town in which the child resides pursuant to RSA 169-C:27 (Supp. 1979). Attorney Gagnon, however, filed a motion dated January 22, 1981, in the district court to order payment of attorney's fees. The court did not rule on the motion, but transferred the legal questions raised in it to this court.

The City of Keene, as amicus curiae, as well as the other parties joining in its brief, argue that RSA ch. 604-A evidences a legislative intent to impose on the *State* liability for compensating legal counsel appointed to represent the parents of neglected children. We disagree.

RSA 604-A:1 states in pertinent part:

> "The purpose of this chapter is to provide adequate representation for indigent defendants in *criminal* cases charged with felonies or misdemeanors, or any *juvenile* charged with being *delinquent* in any court of this state."

(Emphasis added.)

RSA 604-A:2 states in part:

> "In every *criminal* case in which the defendant is charged with a felony or a misdemeanor and appears without counsel, the court before which he appears shall

advise the defendant that he has a right to be represented by counsel and that counsel will be appointed to represent him if he is financially unable to obtain counsel."

(Emphasis added.)

■■ RSA ch. 604-A clearly and unambiguously guarantees legal representation only to indigent defendants in criminal cases, see *Gideon v. Wainwright*, 372 U.S. 335, 342–45 (1963); *Opinion of the Justices*, 109 N.H. 508, 510, 256 A.2d 500, 502 (1969), and to any juveniles charged with being delinquent, see *In re Gault*, 387 U.S. 1, 41 (1967). Similarly, it imposes on the State the obligation to provide legal counsel only in cases involving criminal defendants and juveniles charged with being delinquent. *Opinion of the Justices supra; see Smith v. State*, 118 N.H. 764, 769, 394 A.2d 834, 838 (1978); N.H. CONST., pt. 1, art. 15. Because the intent of the legislature is plainly enunciated in the words of these statutes, RSA 604-A:1 and RSA 169-C:27 (Supp. 1979), see *In re Gamble*, 118 N.H. 771, 777, 394 A.2d 308, 311 (1978) ("[A] specific law controls in a specific case over a general law."), we need not investigate their legislative histories to divine their meaning. *Sant Bani Ashram, Inc. v. Dept. of Empl. Sec.*, 121 N.H. 74, 77, 426 A.2d 34, 36 (1981) (quoting *Ahern v. Laconia Country Club, Inc.*, 118 N.H. 623, 624–25, 392 A.2d 587, 588 (1978)).

■ Unlike a statute the violation of which would require the imposition of criminal sanctions, RSA ch. 169-C (Supp. 1979) ("Child Protection Act"), the statute under which this petition arose, is designed to protect children, not punish parents. *See State v. Lefebvre*, 91 N.H. 382, 383, 20 A.2d 185, 186 (1941); RSA 169-C:2 (Supp. 1979) ("Purpose"). See generally Harkaway, Bianco, Leidinger & Barry, *New Hampshire Juvenile Justice Code of 1979: An Overview*, 21 N.H.B.J. 45, 63–64 (1980). Accordingly, proceedings brought under RSA ch. 169-C (Supp. 1979) necessitate that parents who are alleged to have neglected their children come before the court not in the posture of criminal defendants but, rather, as parties to a civil proceeding. The mother, Karen D., was not a criminal defendant falling within the purview of RSA ch. 604-A such that the legal representation provided to her must be compensated by the State.

■■ We next consider whether an attorney appointed to represent an indigent parent in a child neglect case brought pursuant to RSA ch. 169-C (Supp. 1979) must be compensated by the town in which the child resides. RSA 169-C:10 (Supp. 1979) states

in part: "In any case of neglect or abuse, the court shall appoint an attorney to represent indigent parents."

In determining the party upon whom liability for the cost of legal representation will be imposed, we turn to RSA 169-C:27 I (Supp. 1979), which states in pertinent part:

> "Whenever an order creating liability for expenses is issued by the court under this chapter, any expenses incurred shall be payable by the town in which the child resides at the time the petition is filed or, if such residence cannot be determined, by the town in which the child is taken into custody."

We conclude that the court's appointment of Attorney Gagnon to represent the indigent parent in essence constituted "an order creating liability for expenses" under RSA 169-C:27 I (Supp. 1979). Because the statute expressly provides for the legal representation of indigent parents, we conclude that, although not specifically enunciated, the entire chapter, when read as a whole, *see State Employees' Ass'n v. Cheney*, 119 N.H. 822, 826, 409 A.2d 775, 777 (1979); *Blue Mountain Forest Ass'n v. Town of Croydon*, 119 N.H. 202, 204, 400 A.2d 55, 57 (1979), contemplates the inclusion of attorney's fees within the term "expenses." Accordingly, the town in which the child resided at the time the petition was filed must provide the compensation for the legal representation provided to the indigent parent.

We need not consider the issue of responsibility for providing legal representation under RSA ch. 169-D (Supp. 1979) ("Children in Need of Services") because Attorney Gagnon was appointed to represent the indigent parent pursuant to RSA 169-C:10 (Supp. 1979).

*Remanded.*

All concurred.