Manchester District Court
No. 81-452

<i>In re</i> JOAN L. <i>& a.</i>

May 17, 1982

*Gregory H. Smith*, attorney general (*Peter T. Foley*, attorney, on the brief), by brief for the State.

*James A. Manning*, assistant city solicitor, of Manchester, by brief for the City of Manchester.

PER CURIAM.   In this case, we decide which governmental entity is responsible for payment of attorney's fees when counsel is appointed to represent a juvenile alleged to be a child in need of services.

Attorney John Dubiansky was appointed to represent a child alleged to be in need of services. The district court approved his bill for services and forwarded it to the City of Manchester Welfare Department for payment. The City of Manchester refused to pay his fee, asserting that the State was liable for the cost of representation. Attorney Dubiansky filed a "Motion to Compel Payment" in Manchester District Court and *Capistran*, J., transferred the following questions of law to this court:

A. Are the services rendered by assigned counsel under RSA 169-D an obligation of a town, city, or county, and if not, are they an obligation of the State?

B. If they are an obligation of the town, city, or county, does a district court have the authority to compel a town, city, or county to pay the attorney's fees?

RSA 169-D:12 (Supp. 1981) provides that the court shall appoint counsel for a child alleged to be in need of services at the time of the initial appearance. RSA 169-D:29 (Supp. 1981), which addresses liability for expenses, is identical to RSA 169-C:27 (Supp. 1981), including the sentence that states:

"Whenever an order creating liability for expenses is issued by the court under this chapter, any expenses incurred shall be payable by the town in which the child resides at the time the petition is filed or, if the residence cannot be determined, by the town in which the child is taken into custody."

In *In re Heather D.*, 121 N.H. 547, 431 A.2d 789 (1981), a case involving RSA ch. 169-C, we construed this language to require the town where the child resided to compensate counsel for representing indigent parents in a child-neglect case. *Id.* at 551, 431 A.2d at 792. Accordingly, we reach the same conclusion with regard to the costs of legal representation arising under RSA ch. 169-D (Supp. 1981). The legislature has chosen to make towns liable for legal fees when counsel is appointed to represent a *child* in a proceeding brought under RSA ch. 169-D (Supp. 1981).

The second transferred question asks whether a district court has authority to compel a town to pay those fees. We need not answer this question because we assume that "[w]hen the law is settled it will be obeyed." *Brouillard v. Governor and Council*, 114 N.H. 541, 544, 323 A.2d 901, 903 (1974) (citations omitted); *see New Hampshire-Vermont Health Service v. Commissioner of Insurance*, 122 N.H. 268, 276, 444 A.2d 508, 512 (1982).

*Remanded.*