GINI YOUNG

v.

PREVUE PRODUCTS, INC.

November 9, 1987

*Moquin & Daley P.A.*, of Manchester (*Richard C. Moquin* on the brief, and *Edward Moquin* orally), for the plaintiff.

*Hinkley, Donovan, Russell & Desjardins*, of Lancaster, and *James C. Gahan, Jr.*, of Boston, Massachusetts (*Mr. Gahan* on the brief and orally), for the defendant.

*Kelliher & Clougherty*, of Manchester (*Thomas W. Kelliher* on the brief and orally, and *Elizabeth Cazden* with him on the brief), also for the defendant.

BROCK, C.J. The sole issue on appeal is whether the portion of RSA 281:12 which bars consortium actions against an employer by the spouse of an employee injured on the job is unconstitutional under the due process provisions of the New Hampshire Constitution, N.H. CONST. pt. I, art. 14, because it eliminates a cause of action previously available to spouses of injured employees without providing an adequate *quid pro quo*. We uphold the constitutionality of this statutory provision and affirm.

The plaintiff's husband, Daniel Young, was injured during the course of his employment with Prevue Products, Inc. of Manchester (Prevue), on or about March 1, 1982, and again on or about September 6, 1983. Mr. Young received medical benefits and permanent disability compensation from Prevue pursuant to the Workers' Compensation Law, RSA chapter 281. In October 1985, the plaintiff, Gini Young, brought a tort action against Prevue for loss of consortium resulting from her husband's work-related injuries. The plaintiff alleged that Prevue was negligent in failing to provide a safe workplace, and in failing to implement safe work practices. The defendant filed a motion to dismiss, citing the exclusive remedy clause, RSA 281:12. The plaintiff objected to the motion on constitutional grounds. The Superior Court (*Goode*, J.) granted the defendant's motion to dismiss, and this appeal followed.

The current version of the exclusive remedy clause, RSA 281:12, states that "[t]he spouse of an employee entitled to benefits under this chapter . . . shall have no direct action whether at common law or by statute or otherwise, to recover for such damages against [the employer.]". The plaintiff does not dispute the fact that the language of RSA 281:12 bars her consortium claim against Prevue. She asserts, however, that the statutory prohibition against spousal claims is unconstitutional with respect to loss of consortium claims. In support of her assertion, the plaintiff cites the 1971 amendment to RSA 281:12 which eliminated the then-existing cause of action for loss of consortium, but did not provide an adequate substitute remedy, or *quid pro quo*.

Prior to 1971, RSA 281:12 provided that an *employee* "waived his rights of action at *common law* to recover damages for personal injuries against his employer . . . ." (Emphasis added.) A wife's right of action for loss of consortium based on her husband's injuries was not recognized at common law. It was not until 1967 that the New Hampshire legislature recognized this new cause of action. Laws 1967, 218:1; RSA 507:8-a. In *LaBonte v. National Gypsum Co.*, 110 N.H. 314, 319, 269 A.2d 634, 638 (1970), this court interpreted RSA 281:12 as barring only an employee's right of action at common law, not an employee's wife's statutory right of action for loss of consortium. Thus, an injured employee's wife was permitted to proceed with her loss of consortium claim against her husband's employer. *Id.* at 320, 269 A.2d at 638; *see Archie v. Hampton*, 112 N.H. 13, 17, 287 A.2d 622, 625 (1972) (although a 1972 case, pre-1971 statute applied because injury occurred in 1969).

In response to *LaBonte*, RSA 281:12 was amended in 1971, and the following sentence was added: "The spouse of an employee entitled to benefits under this chapter shall have no right of action at *common law* against the employer . . . ." Laws 1971, 539:5. (Emphasis added.) This change, however, was interpreted as preventing only a husband's action for loss of consortium against his wife's employer. *Ahern v. Laconia Country Club, Inc.*, 118 N.H. 623, 625–26, 392 A.2d 587, 588 (1978) (injury in 1972). In *Ahern*, this court concluded that because a wife's loss of consortium suit was not recognized at common law, but was, rather, created by statute, the bar to any "right of action at common law" did not bar a wife's statutory right. 118 N.H. at 625–26, 392 A.2d at 588; *see also DePaolo v. Spaulding Fibre Co.*, 119 N.H. 89, 90, 397 A.2d 1048, 1049 (1979) (although a 1979 case, pre-1973 statute applied because injury occurred in 1972).

In 1973, RSA 281:12 was amended again, this time to remedy the anomalous result of the *Ahern* and *DePaolo* cases. The phrase "right of action at common law" was replaced with the phrase "direct right of action," so that the pertinent statute read: "The spouse of an employee entitled to benefits under this chapter shall have no direct right of action against the employer . . . ." Laws 1973, 481:3. Finally, in 1977, the court held that RSA 281:12 effectively barred a wife's suit for loss of consortium against her husband's employer. *O'Keefe v. Associated Grocers*, 117 N.H. 132, 136, 370 A.2d 261, 264 (1977) (injury in 1974). In 1978, this provision was clarified further to read: "The spouse of an employee entitled to benefits under this chapter . . . shall have *no direct action at common law or by statute or otherwise*, to recover for such damages . . . ." Laws 1978, 46:1 (current version) (emphasis added).

The plaintiff challenges the provision's constitutionality, alleging that when the legislature attempted to bar the wife's loss of consortium claim in 1971, it failed to provide a corresponding *quid pro quo*, as required by *Estabrook v. American Hoist & Derrick, Inc.*, 127 N.H. 162, 178, 498 A.2d 741, 751 (1985). In addressing the plaintiff's constitutional challenge, we are mindful of our obligation to interpret the Workers' Compensation Law liberally. *Heinz v. Concord Union School Dist.*, 117 N.H. 214, 219–20, 371 A.2d 1161, 1165 (1977).

In *Estabrook*, this court held unconstitutional RSA 281:12, II, which bars actions for non-intentional torts by an employee, his spouse, or personal or legal representatives against a fellow employee for personal injury. 127 N.H. at 178, 498 A.2d at 751. Prior to 1978, New Hampshire law permitted an injured employee who

had received workers' compensation benefits to bring an action against a fellow employee tortfeasor for the same injuries. In 1978, an amendment to RSA 281:12 deprived the employee of the right to such a remedy. Laws 1978, 46:1. The plaintiffs in *Estabrook* argued that the amended RSA 281:12, II violated the due process and equal protection clauses of the New Hampshire Constitution. 127 N.H. at 170, 498 A.2d at 746. The court concluded that because the 1978 amendment provided no *quid pro quo* to compensate for eliminating an injured employee's right to maintain a negligence action against a fellow employee, or for eliminating spousal causes of action against a co-employee, the bar to such actions was unconstitutional in violation of part I, article 14 of the New Hampshire Constitution. *Id.* at 178, 498 A.2d at 751.

In *Estabrook*, three justices of this court narrowly applied a *quid pro quo* test alluded to in a due process discussion in *Park v. Rockwell International Corp.*, 121 N.H. 894, 898, 436 A.2d 1136, 1138 (1981). In *Park*, the issue was whether RSA 281:12 and :22 violate the equal protection mandate that those who are similarly situated be similarly treated. *Id.* The plaintiffs there challenged the bar to the bringing of statutory actions against an employer by the estates of deceased employees, RSA 281:12 (Supp. 1979), alleging that RSA 281:12 and :22 unconstitutionally discriminate against the estates and persons of employees who suffer fatal work-related injuries and leave no dependents. *Park, supra* at 895, 436 A.2d at 1136. The estates of employees who, like the decedent in *Park*, were fatally injured on the job, and left no dependents at the time of death, were entitled only to receive reasonable funeral and burial expenses not to exceed $1,200. RSA 281:22, IV. On the other hand, the estates of individuals whose fatal injuries were not employment related were entitled to bring wrongful death actions which could yield at least $50,000. RSA 556:13. The question thus became whether such a limitation in the workers' compensation law bore a substantial relationship to an important governmental interest. This court held that the limitation set forth in RSA 281:12 (Supp. 1979) and :22, to the extent it applied to employees without dependents who are killed in the course of their employment, was in violation of the equal protection provisions of our State Constitution. N.H. CONST. pt. I, art. 12.

The analysis in *Park* contained a brief discussion of the general *quid pro quo* requirement of workers' compensation laws, stating that "[g]enerally, workmen's compensation laws withstand constitutional attack on due process grounds because they provide a *quid pro quo* for potential tort victims whose . . . rights of action are

supplanted by the statute." 121 N.H. at 898, 436 A.2d at 1138. This discussion, however, was not essential to the result reached in *Park*, as the court found the statutory provision unconstitutional on equal protection grounds. In *Estabrook*, a three justice per curiam opinion expanded the *quid pro quo* discussion and narrowed the scope of the concept by requiring that an adequate substitute remedy be provided "at the time rights [of action] are extinguished" unless "there is a substantial and fundamental relationship between the rights affected" by the earlier act and those restricted by the later amendment. 127 N.H. at 173, 436 A.2d at 747.

The substance of the plaintiff's argument in the present case is that because there was no common law right for a woman to sue for loss of consortium, the right was not contemplated or compensated for in the original statutory scheme. Thus, independent and separate consideration must be made of the 1971 amendment to determine whether compensation for the deprivation of the right was given.

 Without minimizing the importance of the *quid pro quo* requirement in reviewing the constitutionality under due process of workers' compensation laws, we will not apply the narrow *quid pro quo* analysis or the "substantial and fundamental relationship" standard employed by the *Estabrook* majority to hold that the statutory provision at issue here is unconstitutional as violative of due process.

 To the extent that the holding in *Estabrook* may be interpreted as requiring that a restrictive amendment to the workers' compensation law must be supported by a contemporaneously enacted provision for a new benefit, it is overruled. To require that the legislature always increase benefits to a particular group of individuals whenever it takes other benefits aways could result in unfairness and lead to anomalous results where the purpose of the deprivation is to restore the balance of the general *quid pro quo*.

*Affirmed.*

All concurred.