Strother **JOHNSON** et al., Appellants,

v.

Maurice **LOHRE** and unknown Defendant or Defendants, Appellees.

Court of Appeals of Kentucky.

Feb. 1, 1974.

As Modified on Denial of Rehearing May 3, 1974.

Bernard J. Blau, Donald L. Johnson, Kaufmann, Jolly, Johnson & Blau, Newport, for appellants.

Frank V. Benton, III, Benton, Benton, Luedeke & Rhoads, Newport, William B. O'Neal, Cincinnati, Ohio, for appellee Maurice Lohre.

STEINFELD, Justice.

This is an appeal from a judgment of the Campbell Circuit Court dismissing a complaint against Maurice Lohre and unknown defendant(s).[1]

On July 19, 1971, appellants, Mr. and Mrs. Strother Johnson, sued for damages resulting from injuries to Mr. Johnson during his employment at Interlake, Inc., on July 20, 1970. They alleged that his injuries were caused by the negligence of Mr. Lohre, a fellow-employee, and unknown defendant(s). Mr. Johnson sought his damages for physical injuries and Mrs. Johnson sought to recover for loss of consortium. The Johnsons caused summonses to be issued to Mr. Lohre and unknown defendant(s). The summons for Mr. Lohre was served, but there was no service of the other summonses.

On August 12, 1971, Mr. Lohre filed a motion to dismiss the action against him, supported by an affidavit of his attorney,[2] the accuracy of which is not questioned. It stated that Interlake, Inc., was and for some time had been subject to and was operating under the provisions of the Kentucky Workmen's Compensation law; that both Mr. Lohre and Mr. Johnson were at all times affecting this litigation employees of that corporation; that each of said employees at the time of his original employment signed an agreement to accept and be bound by the Workmen's Compensation law; and that an action was pending before the Kentucky Workmen's Compensation Board whereby Mr. Johnson sought benefits for his injuries. No counter-affidavit was filed.

On September 14, 1971, interrogatories to Mr. Lohre were propounded, which were objected to, and on September 24 a motion to strike the above-mentioned affidavit was filed. Three days later the same affiant made a similar affidavit which was filed. On September 28 a motion was filed asking the court (1) to require Mr. Lohre to answer the interrogatories, if not as a party then as a witness, so the motion to dismiss could be responded to, and (2) to strike the second affidavit. These motions were never ruled on.

On October 28, 1971, an affidavit for appointment of a warning order attorney for the unknown defendant(s) was filed and the clerk made the appointment forthwith. On the same day, acting on the information contained in the two affidavits, the court dismissed the complaint as to Mr. Lohre.

On November 2, 1971, the Johnsons moved the court to order Mr. Lohre, as a witness, to answer the interrogatories. Mr. Lohre objected on the ground that there was no issue unresolved in the case. He also took the position that the action as to the unknown defendant(s) was commenced only upon the issuance of the warning order, therefore it was barred by the statute of limitations. No action was taken on this motion.

On December 10, 1971, a judgment was entered dismissing the complaint as to the remaining defendant(s) on the ground that the action was not timely commenced.

---

1. The unknown defendants were the manufacturer and supplier of the steam pipe which burst, resulting in Mr. Johnson's injuries.

2. The affiant also was an officer of Interlake, Inc.

■ On this appeal the Johnsons continue to claim that the affidavits of the attorney should not have been considered because they were not made by Mr. Lohre and because the contents are hearsay. CR 43.13(1) provides:

"Affidavits authorized or permitted under these rules, or in any statutory proceedings, shall be a written statement or declaration sworn to or affirmed before an officer authorized to take depositions by Rule 28. If a party is absent from the county, or mentally incapable of taking an oath, or physically unable to attend before an officer, his agent or attorney may make such affidavit, unless otherwise provided by these rules or any statute. Such an affidavit shall state the absence or incapacity of the party and the capacity of the affiant."

Nowhere in the record is there a statement that Mr. Lohre was absent from the county or could not sign his own affidavit. However, the action was dismissed because the complaint failed to state a claim upon which relief might be granted. CR 12.02. This rule provides that if a motion to dismiss is made and matters outside the pleadings are presented, the motion shall be treated as one for summary judgment with supporting affidavits. Cr 56.02. The rule does not require that the affidavit be that of the movant. The affiant was competent to swear to the matters contained in the affidavits as the affidavits were made upon personal knowledge. CR 56.05. The trial court did not err in considering these affidavits as they supported the motion to dismiss Mr. Johnson's claim against Mr. Lohre.

■ KRS 342.015(1) [3] provided that if the employer and employee are operating under the provisions of the Kentucky Workmen's Compensation Act, the employer's liability is limited to the compensation payable under the Act. The Johnsons claim that this statute violates Section 54 of the Kentucky Constitution which states, "The General Assembly shall have no power to limit the amount to be recovered for injuries resulting in death, or for injuries to person or property." The original Workmen's Compensation Act was held to be unconstitutional because of its compulsory aspects. Kentucky State Journal Co. v. Workmen's Compensation Board, 161 Ky. 562, 170 S.W. 1166, L.R.A.1916A, 389, Ann.Cas.1916B, 1273 (1914), opinion modified, 162 Ky. 387, 172 S.W. 674, L.R.A. 1916A, 402. The Workmen's Compensation Act which was later enacted had eliminated the compulsory features, therefore it was held not to abridge the constitution. Greene v. Caldwell, 170 Ky. 571, 186 S.W. 648 (1916). This Act made coverage purely elective and "Liability of the employer for benefits and the right of the employee to obtain them do not exist until they voluntarily accept it." Plunkett v. Jones, Ky., 452 S.W.2d 373 (1970). Although the Act does not specifically say so, we have held that an employee may not recover at law from a fellow employee except in case of deliberate intent to injure. George Petro, Inc. v. Bailey, Ky., 438 S.W.2d 88 (1968). The act in force at the time of Mr. Johnson's injuries was constitutional; the trial judge did not err in dismissing Mr. Johnson's claim against Mr. Lohre.

■ Mrs. Johnson's claim against Mr. Lohre for loss of her husband's consortium was dismissed, the court said, because she had no cause of action. It is now the law in this state that " * * * a wife has a cause of action for loss of consortium of her husband resulting from an injury to the husband due to the negligent act of another." Kotsiris v. Ling, Ky., 451 S.W.2d 411 (1970). KRS 411.145(2) provides, "Either a wife or husband may recover damages against a third person for loss of consortium, resulting from a negligent or wrongful act of such third person." [4]

3. This section was repealed, effective January 1, 1973, Acts 1972, Ch. 78, Sec. 36.

4. This statute became effective June 18, 1970.

An issue raised on this appeal is whether the wife may recover for loss of her husband's consortium from the husband's fellow servant for negligence when the husband and his employer had elected to be covered by the Workmen's Compensation Act. Other states have held that because of their Workmen's Compensation laws a wife may not recover from her husband's employer for loss of her spouse's consortium. Larson's Workmen's Compensation, Vol. 2, Sec. 66.20. However, we find no indication that those tribunals were confronted with a constitutional provision such as Section 54 of the Kentucky Constitution.

In Newman v. Gibraltar Coal Corporation, 350 F.Supp. 71 (W.D.Ky.1972), it was held that "* * * a wife's independent cause of action for loss of her husband's consortium is barred when the husband/employee and his employer elect to proceed under the state Workmen's Compensation Law." *Newman* relies on Davis v. Solomon, Ky., 276 S.W.2d 674 (1955), in which a deceased employee's personal representative brought a suit against an employer to recover damages for the wrongful death of the employee, which arose out of and in the course of the deceased's employment. There, we held that the action was not maintainable. The reliance of the federal judge on the Davis opinion is understandable inasmuch as Davis stated, "The purposes of the Act would be defeated if independent actions to recover damages for injuries or death caused by a compensable accident were permitted." However, Davis was an action by the personal representative of the employee's estate and did not involve an action by a third party on an independent claim. Therefore, we do not consider the Davis opinion as being dispositive of the issue now before us.

Mrs. Johnson was not claiming through her husband—on the contrary, her claim is an independent cause of action authorized by KRS 411.145(2) [5] and our construction of the law in Kotsiris v. Ling, supra. An independent action was approved in Kentucky Utilities Company v. Jackson County Rural Electric Cooperative Corp., Ky., 438 S.W.2d 788 (1968). Cf. Ashland Oil and Refining Co. v. Bertram and Thacker, Ky., 453 S.W.2d 591 (1970).

The statute of limitations is an affirmative defense which must be pleaded by the concerned and affected party. CR 8.-03. Lohre, who raised the defense, was not such a party. CR 4.07(2) provides:

"If the warning order attorney cannot inform the defendant concerning the action, he shall so report to the court and shall then make a defense by answer if he can. If unable to make defense, he shall so report."

Here, the warning order attorney's report said he could make no defense on behalf of said defendants. The trial court erred in dismissing the suit as to the unknown defendants, therefore, it must rule on the demand that Mr. Lohre be required to answer the interrogatories.

The judgment is affirmed in part and reversed in part for further proceedings consistent herewith.

OSBORNE, C. J., and JONES, MILLIKEN, PALMORE, REED and STEINFELD, JJ., sitting.

All concur.

---

5. "* * * many compensation acts preclude an action by the wife of an employee from recovering damages for loss of consortium or services from injury or disease compensable under the act." 101 C.J.S., Workmen's Compensation § 980, pp. 452, 453. The Kentucky Act contains no such provision.