Evelyn Pinkerton BROOKS, Appellant,

v.

Obie BURKEEN et al., Appellees.

Seretha CHILDERS et al., Appellants,

v.

INTERNATIONAL HARVESTER COMPANY et al., Appellees.

Supreme Court of Kentucky.

April 1, 1977.

James W. Owens, Chartered, Paducah, for appellant, Brooks.

Hughes & Gregory, Murray, for appellee, Burkeen.

Boehl, Stopher, Graves & Deindoerfer, Paducah, for appellee, Allied Structural Steel Corp.

Joe G. Leibson, Louisville, for appellants, Childers et al.

Carl A. Henlein, Louisville, for International Harvester et al.

LUKOWSKY, Justice.

The question presented for decision by these consolidated appeals is whether the following claims can withstand a motion to dismiss. CR 12.02. The trial judges answered the question in the negative and we agree.

## I.

■ Seretha Childers is the widow of Luegean Childers who died on September 23, 1974, of asphyxiation while he was at work and in the process of cleaning out a furnace. The death allegedly occurred as a result of the negligence of his employer and its foreman. Seretha seeks recovery for loss of consortium.

This claim fails because it is well settled law that her recovery would be limited to damages which she sustained before her husband's death. Prosser on Torts, 4th Ed., 899. His death occurred instantaneously while at work. Consequently, she lost no services, society, fellowship or affectionate relations prior to death. *Rogers v. Fancy Farm Telephone Co.,* 160 Ky. 841, 170 S.W. 178 (1914); *Loew v. Allen,* Ky., 419 S.W.2d 734 (1967).

## II.

■ Samuel Childers and Donald Childers are the minor children of Luegean Childers who died in the manner described in I. They seek recovery for loss of paternal care.

These claims fail because no court or legislature in the United States has yet seen fit to recognize such an action. Prosser on Torts, 4th Ed., 896. We decline the opportunity to be the first to do so.

## III.

■ Evelyn Pinkerton Brooks is the wife of George Brooks who received bodily injuries on September 26, 1973, while he was at work. The injuries allegedly occurred as a result of the negligence of his employer and its foreman. The employer and employee had elected coverage by the Workmen's Compensation Act. Mrs. Brooks seeks recovery for loss of consortium.

Her position is that *Kotsiris v. Ling,* Ky., 451 S.W.2d 411 (1970) and KRS 411.145(2) grant her a right to sue for loss of consortium and that such right may not be taken

from her by either the election of her husband and his employer or by the legislature. *Johnson v. Lohre,* Ky., 508 S.W.2d 785 (1974).

The weakness of her position is that which is intrinsic in *Johnson,* supra. That case fails to take cognizance of the ethical, social, economic, political and legal developments which have restructured the family unit to meet the demands of life in the last quarter of the twentieth century. The wife is no longer a vassal of her husband and certainly the husband has not become the serf of his wife.

The level of relative equality which we reached in *Colley v. Colley,* Ky., 460 S.W.2d 821 (1970) was adjusted to absolute equality by the legislature to meet the demands of times and mores when it adopted the Uniform Divorce Act. The right of each spouse in and to the marital property is determined by a single standard. KRS 403.190. Either spouse, regardless of sex, may be liable to the other for maintenance. KRS 403.200. Either or both spouses may be required to pay for the support of their children. KRS 403.210. Custody of children is awarded by reference to a single standard. KRS 403.270.

The reality of an ever increasing cost and standard of living has forced an ever increasing number of wives to find employment outside the home and a corresponding number of husbands to be exposed to the dubious joys of household chores. Truly the relationship has been changed by the evolution of modern standards from one of master and servant to one of primary independence of the spouses and secondary interdependence of the spouses.

The Federal constitutional right to privacy has been held to protect the decision of one spouse to act in a way which affects the most basic considerations of a marriage from the veto of the other spouse. A spouse's access to contraceptive devices may not be denied. *Griswold v. Connecticut,* 381 U.S. 479, 85 S.Ct. 1678, 14 L.Ed.2d 510 (1965). See also *Eisenstadt v. Baird,* 405 U.S. 438, 92 S.Ct. 1029, 31 L.Ed.2d 349 (1972). The decision of one spouse to undergo an operation which will result in sterilization is binding on the other. *Ponter v. Ponter,* 135 N.J.Super. 50, 342 A.2d 574 (1975). The decision of a wife to have an abortion is binding on the husband. *Planned Parenthood of Central Missouri v. Danforth,* 428 U.S. 52, 96 S.Ct. 2831, 49 L.Ed.2d 788 (1976).

We are convinced that the decision by a spouse to seek and accept employment upon terms and conditions solely satisfactory to that spouse is at least as private, personal and worthy of protection, and certainly more universally ethically acceptable, than any of the above. It is difficult to conceive of a right more unique and fundamental than the right to work at the job of one's choice. If the spouse of the person seeking covered employment may retain his or her right to damages from the employer for loss of consortium by the simple expedient of failing to consent to the application of the Act that spouse is given, in many cases, an effective veto of the other spouse's employment. Certainly, many employers would be unwilling to stand the risk of such a lawsuit and, consequently, would decline employment to the spouse seeking it in the absence of such a consent. The decision by a spouse to be covered by the Workmen's Compensation Act must be binding upon his or her marital partner if his or her right to privacy is to be protected.

This election of coverage brings into play not only the "sweet" provisions of the Act such as the employer's "liability without fault" but also the "bitter" provisions such as the "exclusive remedy section", KRS 342.690, effective January 1, 1973, which provides:

> "If an employer secures payment of compensation as required by this chapter, the liability of such employer under this chapter shall be exclusive and in place of all other liability of such employer to the employe, his legal representative, husband or wife, parents, dependents, next of kin, and anyone otherwise entitled to recover damages from such employer at law or in admiralty on account of such injury or death."

and our case law which holds that a fellow employee is similarly insulated. *Miller v. Scott,* Ky., 339 S.W.2d 941 (1960).

The argument that Section 54 of the Constitution of Kentucky, which prohibits the General Assembly from abolishing causes of action for injury, protects Mrs. Brooks from the operation of the statute is fallacious. The result achieved by the statute is required by the Federal constitution which is the "supreme law of the land; and the Judges in every State shall be bound thereby, anything in the Constitution or laws of any State to the contrary notwithstanding." Constitution of the United States, Article VI, cl. 2.

We are satisfied that the protection of the right to privacy is available whether it be in the form of proscription of state law requiring the contrary or refusal to recognize the civil suit of the spouse of the employee against the allegedly offending employer and fellow employee.

*Johnson,* supra, is overruled.

The judgments are affirmed.

All concur.