**Kent LEE, Petitioner and Appellant,**

v.

**JOB SERVICE NORTH DAKOTA and Surf Club, Respondents and Appellees.**

**Civ. No. 880348.**

Supreme Court of North Dakota.

May 17, 1989.

Leslie Johnson–Soetebier (argued), Legal Assistance of North Dakota, Fargo, for petitioner and appellant.

David Ernest Clinton (argued), Asst. Atty. Gen., Bismarck, for respondents and appellees.

LEVINE, Justice.

Kent Lee appeals from a district court judgment affirming a Job Service North Dakota decision denying him unemployment compensation benefits. We affirm.

While Lee was a full-time student at Moorhead State University, he was also employed on a full-time basis. After being laid off from his job, Lee applied for unemployment benefits. Job Service denied benefits on the ground that Lee was disqualified under § 52–06–02(6), N.D.C.C., which disqualifies an individual for benefits "[f]or any week of unemployment if such individual is a student registered for full attendance at and is regularly attending an established school, college, or university."[1] The district court affirmed the denial of benefits and Lee has appealed, contending that

---

**1.** The 1989 Legislature amended § 52–06–02(6), N.D.C.C., to provide that "this disqualification does not apply to full-time postsecondary students who have earned the majority of their wage credits in their base period for services performed during weeks in which the individual was attending school as a full-time postsecondary student." H.B. 1515 (effective July 1, 1989). Thus, unemployment benefits will be available to a full-time student who is also employed full-time.

§ 52–06–02(6) violates the equal protection and due process guarantees of the state[2] and federal constitutions.[3]

When statutes are challenged on equal protection grounds, we choose from three standards of review: (1) "strict scrutiny" in cases involving "inherently suspect" or "fundamental interest" classifications; (2) a "rational basis" standard at the other end of the spectrum, usually applied in economic and social matters; and (3) an intermediate standard of review, usually applied when "an important substantive right" is involved. *Hanson v. Williams County,* 389 N.W.2d 319 (N.D.1986).

Conceding that § 52–06–02(6) involves no inherently suspect or fundamental interest classifications, Lee urges that we employ the intermediate standard of review to assess the constitutionality of classifying full-time students differently than workers who are not full-time students. The intermediate standard of review requires a close correspondence between the statutory classification and the legislative goals. *Hanson v. Williams County, supra.* The success of Lee's argument depends on whether unemployment benefits are an important substantive right on a par with the right to recover for personal injuries (*Hanson v. Williams County, supra*) or "the right not to be easily deprived of a home" [*Mund v. Rambough,* 432 N.W.2d 50, 57 (N.D. 1988)] and thus subject to the intermediate standard of review.

■ Unemployment benefits are a matter of legislative grace. Section 52–01–06, N.D.C.C. *Accord, Dow Chemical Co. v. Curtis,* 431 Mich. 471, 430 N.W.2d 645 (1988). They may be contrasted to and differentiated from workers compensation benefits, for which injured workers give up the right to sue for damages arising out of a work-related injury in exchange for "sure and certain relief ... regardless of questions of fault" (§ 65–01–01, N.D.C.C.). Unemployment compensation benefits fall within "the field of social welfare and economics." *Idaho Dept. of Employment v. Smith,* 434 U.S. 100, 101, 98 S.Ct. 327, 328, 54 L.Ed.2d 324, 327 (1977). Following the lead of the United States Supreme Court, we have "consistently deferred to legislative determinations concerning the desirability of statutory classifications affecting the regulation of economic activity and the distribution of economic benefits" (*Idaho Dept. of Employment v. Smith, supra,* 434 U.S. at 101, 98 S.Ct. at 328, 54 L.Ed.2d at 327). *See, e.g., Richter v. Jones,* 378 N.W.2d 209 (N.D.1985); *State v. Gamble Skogmo, Inc.,* 144 N.W.2d 749 (N.D.1966). We conclude that the rational basis standard is the appropriate standard of review to apply in assessing the validity of § 52–06–02, N.D.C.C., under both the state and federal constitutions.

■ Under the rational basis standard of review, a legislative classification will be sustained unless it is patently arbitrary and bears no rational relationship to a legitimate government interest. *Hanson v. Williams County, supra,* 389 N.W.2d at 323. "A classification does not deny equal protection 'if any state of facts reasonably can be conceived that would sustain it.'" *Grand Forks–Traill Water Users, Inc. v. Hjelle,* 413 N.W.2d 344, 348 (N.D.1987) [quoting *Signal Oil & Gas Co. v. Williams County,* 206 N.W.2d 75, 83 (N.D.1973)]. "Through what precise points in a field of many competing pressures a legislature might most suitably have drawn its lines is not a question for judicial re-examination." Syllabus ¶ 6, *State v. Gamble Skogmo,*

---

**2.** Article I, § 21, N.D. Const., provides:

"No special privileges or immunities shall ever be granted which may not be altered, revoked or repealed by the legislative assembly; nor shall any citizen or class of citizens be granted privileges or immunities which upon the same terms shall not be granted to all citizens."

Article I, § 12, N.D. Const., provides:

"No person shall ... be deprived of life, liberty or property without due process of law."

**3.** U.S. Const. amendment XIV, § 1 provides:

"No state shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States, nor shall any state deprive any person of life, liberty or property, without due process of law, nor deny to any person within its jurisdiction the equal protection of the laws."

U.S. Const. amendment V provides:

"... nor shall any person ... be deprived of life, liberty, or property, without due process of law; ..."

*Inc., supra.* A classification with a reasonable basis does not violate the equal protection clause merely "because in practice it results in some inequality." *Ohio Bureau of Employment Services v. Hodory,* 431 U.S. 471, 491, 97 S.Ct. 1898, 1909, 52 L.Ed. 2d 513, 528 (1977), [quoting *Lindsley v. Natural Carbonic Gas Co.,* 220 U.S. 61, 78, 31 S.Ct. 337, 340, 55 L.Ed. 369, 377 (1911)].

The Legislature could reasonably recognize that full-time college students generally are not as available for work without restriction and are not as "genuinely attached to the labor force" [*Shreve v. Department of Economic Security,* 283 N.W. 2d 506, 509 (Minn.1979)] as workers who are not full-time college students. We reject Lee's constitutional attack for the same reasons expressed by the United States Supreme Court in *Idaho Dept. of Employment v. Smith, supra,* 434 U.S. at 101–102, 98 S.Ct. at 328, 54 L.Ed.2d at 327–328. Holding that day students could be validly denied unemployment benefits, the Court reasoned:

> "In a world of limited resources, a State may legitimately extend unemployment benefits only to those who are willing to maximize their employment potential by not restricting their availability during the day by attending school. Moreover, the classification serves as a predictable and convenient means for distinguishing between those who are likely to be students primarily and part-time workers only secondarily and thus ineligible for unemployment compensation and those who are primarily full-time workers and students only secondarily without the necessity of making costly individual eligibility determinations which would deplete available resources. The fact that the classification is imperfect and that the availability of some students desiring full-time employment may not be substantially impaired by their attendance at daytime classes does not, under the cases cited *supra,* render the statute invalid under the United States Constitution."

Under that analysis, a full-time college student disqualification for unemployment benefits effected by § 52–06–02(6), N.D. C.C., bears a rational relationship to legitimate governmental interests and does not violate the equal protection guarantee of the federal constitution. Nor does it violate Art. I, § 21, N.D. Const. Perhaps a full-time employee who is also a full-time college student should be entitled to unemployment compensation upon becoming involuntarily unemployed, as Lee argued, but "[t]he justice, wisdom, necessity, utility and expediency of legislation are questions for legislative, and not for judicial determination." Syllabus ¶ 11, *Asbury Hospital v. Cass County,* 72 N.D. 359, 7 N.W.2d 438 (1943), *aff'd,* 326 U.S. 207, 66 S.Ct. 61, 90 L.Ed. 6 (1945).

A classification that satisfies equal protection analysis also satisfies due process analysis. *Weinberger v. Salfi,* 422 U.S. 749, 95 S.Ct. 2457, 45 L.Ed.2d 522 (1975). Section 52–06–02(6), N.D.C.C., therefore does not violate the due process guarantee of the federal constitution. We conclude that it also does not violate the due process guarantee of our state constitution.

Lee has asserted, with little supporting argument, that the student disqualification statute also violates Art. I, § 22, N.D. Const. ("All laws of a general nature shall have a uniform operation."). This issue was not raised in the district court and has, therefore, not been preserved for review. *See, e.g., City of Grand Forks v. Cameron,* 435 N.W.2d 700 (N.D.1989).

Lee also argues that Job Service should have approved his attendance at Moorhead State University so that he could receive benefits under § 52–06–01(3), N.D.C.C., which authorizes benefits to unemployed individuals "in training with the approval of the bureau." Counsel conceded at oral argument, however, that Lee had not applied for such training benefits. Therefore, we will not address this issue.

Affirmed.

ERICKSTAD, C.J., and MESCHKE, GIERKE and VANDE WALLE, JJ., concur.