**Cynthia WALD, Plaintiff and Appellant,**

v.

**CITY OF GRAFTON, North Dakota, Defendant, Third–Party Plaintiff, and Appellee.**

**MINNKOTA POWER COOPERATIVE, INC., Defendant and Third–Party Plaintiff,**

v.

**Timothy WALD, Third–Party Defendant.**

**Civ. No. 890002.**

Supreme Court of North Dakota.

July 17, 1989.

Alice R. Senechal, of Robert Vogel Law Office, P.C., Grand Forks, for plaintiff and appellant.

Scott A. Brehm, of Gunhus, Grinnell, Klinger, Swenson & Guy, Moorhead, for defendant, third-party plaintiff and appellee. Appearance by Paul R. Oppegard.

VANDE WALLE, Justice.

Cynthia Wald appealed from the district court's dismissal of her action against the City of Grafton to recover damages for loss of consortium. We affirm.

On October 23, 1985, Cynthia's husband, Timothy, was seriously injured in an electrical accident while working as an employee of the City of Grafton. Timothy received workers compensation benefits.

■ Cynthia sued the City of Grafton to recover damages for loss of consortium

resulting from the injuries sustained by her husband. The district court granted Grafton's motion for summary judgment. A judgment of dismissal was entered upon the district court's "express determination that there is no just reason for delay and ... express direction for the entry of judgment" [Rule 54(b), N.D.R.Civ.P.].[1] The sole issue on appeal is whether or not the exclusive-remedy provisions of the workers compensation statutes bar Cynthia's cause of action for loss of consortium.

Section 65–01–01, N.D.C.C., provides:

"The state of North Dakota, exercising its police and sovereign powers, declares that the prosperity of the state depends in a large measure upon the well-being of its wage workers, and, hence, *for workmen injured* in hazardous employments, *and for their families* and dependents, *sure and certain relief is hereby provided regardless of questions of fault and to the exclusion of every other remedy,* proceeding, or compensation, except as otherwise provided in this title, and to that end, all civil actions and civil claims for relief for such personal injuries and all jurisdiction of the courts of the state over such causes are abolished except as is otherwise provided in this title." (Emphasis added.)

Section 65–05–06, N.D.C.C., provides:

"The payment of compensation or other benefits by the bureau to an injured employee, or to his dependents in case death has ensued, are in lieu of any and all claims for relief whatsoever against the employer of the injured or deceased employee."

We hold that those sections bar the recovery of damages for loss of consortium by the spouse of an injured worker in an action against the injured worker's employer.

In *Schreder v. Cities Service Co.*, 336 N.W.2d 641 (N.D.1983), we held that, because a widow of a worker killed in a work accident received workers compensation benefits, she was precluded by Section 65–05–06 from suing the employer for loss of consortium. Cynthia contends that "[u]nlike Phyllis Schreder, ..., Mrs. Wald has received nothing from the Bureau, and she is, therefore, not precluded from suing to recover for her loss of consortium." We disagree. Under Section 65–05–06, the payment of compensation or benefits to either an injured worker or his dependents is "in lieu of any and all claims for relief whatsoever against the employer."

We recently observed in *Lee v. Job Service North Dakota*, 440 N.W.2d 518, 519 (N.D.1989), that "injured workers give up the right to sue for damages arising out of a work-related injury in exchange for 'sure and certain relief ... regardless of questions of fault' (§ 65–01–01, N.D.C.C.)." As Professor Larson has said:

"Once a workmen's compensation act has become applicable either through compulsion or election, it affords the exclusive remedy for the injury by the employee or his dependents against the employer and insurance carrier. This is part of the *quid pro quo* in which the sacrifices and gains of employees and employers are to some extent put in balance, for, while the employer assumes a new liability without fault, he is relieved of the prospect of large damage verdicts." 2A *Larson's Workmen's Compensation Law* § 65.11 (1988).

In States with exclusive-remedy provisions similar to ours, "the cases with near-unanimity have barred suits" by a spouse for loss of consortium. 2A *Larson's Workmen's Compensation Law* § 66.21 (1988), and cases cited therein.

Cynthia urges that we follow the "Massachusetts Rule" allowing recovery for loss of consortium. See *Ferriter v. Daniel O'Connell's Sons, Inc.*, 381 Mass. 507, 413 N.E.2d 690 (1980); *accord, LaBonte v. National Gypsum Co.*, 110 N.H. 314, 269 A.2d 634 (1970). The exclusive-remedy pro-

1. Cynthia also sued Minnkota Power Cooperative, Inc. Minnkota and Grafton filed cross-claims against each other and third-party complaints against Timothy Wald. None of those claims are involved in this appeal.

visions in both Massachusetts and New Hampshire when those cases were decided, however, were very narrow, providing only that the employee waived *"his"* right of action at common law. As the court observed in *Ferriter, supra,* 413 N.E.2d at 700: "Few exclusive liability provisions in workmen's compensation statutes are so narrowly drawn." We decline to apply the "Massachusetts Rule" founded on a "narrowly drawn" statute to our much broader exclusive-remedy statutes.[2]

■ Relying on *Hastings v. James River Aerie No. 2337, Etc.,* 246 N.W.2d 747 (N.D. 1976), Cynthia contends that her claim is not for personal injuries, but for loss of the right of consortium, which is a property right and therefore is not barred by Section 65–01–01, N.D.C.C. In *Hastings, supra,* at 749, this court concluded that "a *right* of consortium is *property* under Section 5–01–06, N.D.C.C.," providing that certain persons "injured in person, *property* or means of support by any intoxicated person" may sue any person who caused such intoxication. Our decision was based on the historical interchangeability of the terms "property" and "right" at common law, and, as we observed in *Hastings* at page 751, the Dram Shop statute involved employed "words that had certain meaning at common law." We further recognized that the common law as to consortium has evolved to meet changing times and conditions. *Cf. First Trust Co. v. Scheels Hardware,* 429 N.W.2d 5 (N.D.1988); *Hopkins v. McBane,* 427 N.W.2d 85 (N.D.1988). The modern concept of consortium in-

volves, we believe, the whole spectrum of the relationship between a husband and wife. That concept prevents a loss of consortium from being neatly categorized as a "property" right although Cynthia contends it would be beneficial to her to assume that narrow classification for the purposes of this case. We have no hesitation in concluding that the exclusive-remedy provisions of our workers compensation statutes are unaffected by our decision in *Hastings.*[3]

We are not persuaded that we should construe our exclusive-remedy provisions differently than other courts have construed similarly worded provisions.[4] We conclude that the plain language of Sections 65–01–01 and 65–05–06, N.D.C.C., precludes the recovery of damages for loss of consortium by the spouse of an injured worker in an action against the injured worker's employer. We have said that changes in the workers compensation statutes are appropriately left to the Legislature. *E.g., State by Workmen's Compensation Bureau v. Clary,* 389 N.W.2d 347 (N.D.1986); *Layman v. Braunschweigische Maschinenbauanstalt,* 343 N.W.2d 334, 351 (N.D.1983) [VandeWalle, J., concurring specially]. To our knowledge no proposal has been made to the Legislature to permit a spouse to recover for loss of consortium.

The judgment is affirmed.

ERICKSTAD, C.J., and GIERKE, MESCHKE and LEVINE, JJ., concur.

LEVINE, Justice, specially concurring.

Ms. Wald argued strenuously and convincingly that her claim for loss of consor-

---

2. The New Hampshire Legislature has barred suits for loss of consortium. N.H.R.S.A. 281:12; *O'Keefe v. Associated Grocers of New England, Inc.,* 117 N.H. 132, 370 A.2d 261 (1977). The Massachusetts Legislature has also altered the law on loss of consortium. A.L.M. ch. 152, § 24, now provides that unless an employee has notified his employer that he preserves his right of action at common law, the employee's spouse "shall also be held to have waived any right of action at common law against such employer for damage due to loss of consortium."

3. Under Section 5–01–06.1, N.D.C.C., adopted in 1987 (S.L.1987, ch. 95, § 2), a person "injured

by any obviously intoxicated person has a claim for relief." The limitation that an injured person be "injured in person, property or means of support" is not contained in the present statute.

4. Wald challenged only the construction of the exclusive-remedy provision of the workers compensation statutes, not the constitutionality of the statutes as construed perhaps because, as Larson in his treatise observes "in the great majority of cases, all such restrictions have survived constitutional attack." 2A *Larson's Workmen's Compensation Law* § 66.23 (1988).

tium is an independent, separate claim based upon her individual, separate injury. She amply supported her argument with citations to *Hastings v. James River Aerie No. 2337*, 246 N.W.2d 747 (N.D.1976); *Reichelt v. Johns–Manville Corp.*, 107 Wash.2d 761, 733 P.2d 530 (1987); *Herold v. Burlington Northern, Inc.*, 761 F.2d 1241 (8th Cir.1985) (applying N.D. law); *Macon v. Seaward Const. Co., Inc.*, 555 F.2d 1 (1st Cir.1977); *Lantis v. Condon*, 95 Cal.App.3d 152, 157 Cal.Rptr. 22 (1979); *Fuller v. Buhrow*, 292 N.W.2d 672 (Iowa 1980); *Johnson v. Lohre*, 508 S.W.2d 785 (Ky.1974), overruled by *Brooks v. Burkeen*, 549 S.W.2d 91 (Ky.1977); *Rosander v. Copco Steel & Engineering Co.*, 429 N.E.2d 990 (Ind.Ct.App.1982); *Maddox v. Truman Medical Center, Inc.*, 727 S.W.2d 152 (Mo.Ct.App.1987). Though I may agree with her position, it is, as the appellee pointed out, beside the point.

The real question is whether North Dakota Workers Compensation law, which undoubtedly limits the injured worker to those rights and benefits contained within the workers compensation statutes, similarly limits the spouse of the injured worker, thereby barring a claim for loss of consortium. In my view, the majority's conclusion, based upon the plain, sweeping language of the statutes, is correct that the exclusive remedy provisions of our workers compensation law bar Wald's claim for lost consortium.

Perhaps anticipating the result preordained by the clear and broad language of the workers compensation statutes, Wald urged that we "interpret the exclusive remedy rule in light of modern circumstances." Her point is that to reach the result we have, is to honor an archaic and discredited view that a husband and wife are a single entity and that entity is the husband. *See* 1 W. Blackstone, *Commentaries* 422 ("By marriage, the husband and wife are one person in law; that is, the very being or legal existence of the woman is suspended during the marriage, or at least is incorporated and consolidated into that of the husband"). Hopefully, Blackstone's enunciation of the law has been relegated to an infamous place in history. The reason I write specially is to postulate that the result of our statutory interpretation is well attuned to "modern circumstances."

Wald argued that it is unfair (if not unconstitutional) to strip a spouse of her independent claim for lost consortium without providing a *quid pro quo*. Asserting she has received nothing, Wald claims "foul." I believe Wald is mistaken in her calculation that she received nothing. In recent times, this Court has viewed marriage as an economic partnership, with both spouses' contributions to the marital enterprise entitling them to share in the marital assets as partners upon the dissolution of the partnership. *Erickson v. Erickson*, 384 N.W.2d 659, 662–63 (N.D.1986) (Levine, J., concurring); *Fischer v. Fischer*, 349 N.W.2d 22, 24 (N.D.1984); *Rummel v. Rummel*, 265 N.W.2d 230, 236 (N.D.1978). So too, when one spouse is injured during the course of employment and thus entitled to workers compensation benefits, those benefits inure to the benefit of the economic partnership of husband and wife. In return for those benefits, all remedies of both partners, other than workers compensation benefits, are sacrificed, including the claim for lost consortium. While we may question the sufficiency of the awards provided under workers compensation, we should not overlook the benefits of the protection to injured workers and their spouses from the expense, uncertainty and delays of litigation that would be entailed in all cases, absent workers compensation, and the specter of defeat in those cases where there was failure to establish negligence against an employer or co-employee or where the injured employee was contributorily negligent.

That the creators of workers compensation in North Dakota probably shared Blackstone's view is irrelevant. Their creation, the law under Title 65, remains appropriately consonant with current legal doctrine and social attitudes on family and

the enhanced status of women. If I am mistaken and the law is outmoded and sexist, then the legislature should be called to account.