Sonja HARDIN, Legal Guardian of Stephen Shane Hardin, a minor, Appellant,

v.

ACTION GRAPHICS, INC., Appellee,

and

Thomas Shaun Gray, an infant, by and through his statutory guardian, natural mother, and ·next friend, Penny Jones, Appellant,

v.

Robert Jackie Yates and Phillip's Brothers of Hardin County, Inc., Appellees.

Nos. 1999–CA–001646–MR, 1999–CA–002669–MR.

Court of Appeals of Kentucky.

Jan. 12, 2001.

Discretionary Review Denied Nov. 14, 2001.

Kevin C. Burke, Jason Todd Hardin, Louisville, for Appellant Sonja Hardin.

Gary R. Hillerich, Louisville, KY, Dwight Preston, Elizabethtown, for Appellant Thomas Shaun Gray.

C. Thomas Hectus, Louisville, for Appellee Action Graphics, Inc..

Reford H. Coleman, Matthew C. Hess, Elizabethtown, for Appellees Robert Jackie Yates and Phillips Brothers of Hardin County, Inc.

Before GUDGEL, Chief Judge; BARBER and COMBS, Judges.

*OPINION*

COMBS, Judge:

In these consolidated appeals we are asked to decide whether a child's claim for loss of parental consortium falls within the purview of Kentucky's Workers' Compensation Act and, as a result, is barred by its exclusive remedy provisions. We conclude that such claims—like claims for loss of spousal consortium—are barred by the provisions of KRS 342.690. Thus, we affirm the dismissal of both civil actions.

On April 9, 1998, while acting within the course and scope of his employment with the appellee, Action Graphics Inc., Stephen C. Hardin was tragically killed. In November 1998, Marion T. Gray, a construction worker employed by the appellee, Phillip's Brothers of Hardin County, Inc., was also killed while he worked. Both decedents had elected coverage under the Workers' Compensation Act. KRS 342.395.

Each man was survived by a minor son. Through their legal guardians, each dependent filed a negligence action against his father's employer seeking damages for loss of parental consortium. Ultimately, each action was dismissed by the trial court. These appeals, consolidated for expedience, followed.

Kentucky's Workers' Compensation Board is vested with exclusive jurisdiction to decide matters within the purview of the Workers' Compensation Act. *Shamrock Coal Co., Inc. v. Maricle*, Ky., 5 S.W.3d 130 (1999). Trial courts in these cases are deprived of jurisdiction by the explicit language of KRS 342.690(1), the exclusive liability provision of the Workers' Compensation Act.[1] KRS 342.690(1) provides in part as follows:

1. Of the three general types of "exclusive liability" clauses prevalent in workers' compensation statutes, Kentucky's is among the broadest, excluding the widest array of actions. *See* Arthur Larson, *Larson's Workers' Compensation—Desk Edition*, § 66.10 (2000).

If an employer secures payment of compensation as required by this chapter, the liability of such employer under this chapter shall be exclusive and in place of all other liability of such employer to the employee, his legal representative, husband or wife, parents, dependents, next of kin, and anyone otherwise entitled to recover damages from such employer at law or in admiralty on account of such injury or death.

■ The appellants contend that a claim for loss of parental consortium is separate and distinct from those claims contemplated by the exclusive remedy provision of the Kentucky's Workers' Compensation Act. Our analysis of the pertinent authority does not support that contention.

In *Brooks v. Burkeen,* Ky., 549 S.W.2d 91, 93 (1977), the Kentucky Supreme Court concluded that election of coverage under the Act "brings into play not only the 'sweet' provisions of the Act such as the employer's 'liability without fault' but also the 'bitter' provisions such as the 'exclusive remedy section'...." Citing the exclusive remedy provision (and overruling its earlier decision in *Johnson v. Lohre,* Ky., 508 S.W.2d 785 (1974)), the court held that a wife could not maintain an action for loss of consortium against her husband's employer. The court concluded that such an exclusion was not barred by Section 54 of the Kentucky Constitution.

The appellants seek to emphasize the constitutional "right to privacy" discussion in *Brooks;* they also endeavor to distinguish its holding otherwise from the present case. However, we are persuaded that *Brooks* stands for the proposition that one may not recover for the loss of consortium—spousal or parental—where an injured employee has elected coverage under the Act. The statute is clear and unambiguous and leaves no room for exception. By its terms, the Act encompasses the dependents' cause of action. Consequently, the decedents' employers are subject to no further liability.

Appellants also cite *Floyd v. Gray,* Ky., 657 S.W.2d 936 (1983), in which the Kentucky Supreme Court considered whether loss of consortium was a "recoverable injury" in the context of determining whether the provisions of the Motor Vehicle Reparations Act ("MVRA") governed the limitations period for a loss of consortium claim. The court determined that such an action did not fall within the purview of the MVRA's no-fault benefit recovery system and, as a result, that it was not governed by the MVRA's two-year period of limitations. In *Floyd,* the court was asked to consider the breadth and scope of the MVRA's provisions and concluded that its range did not encompass the plaintiff's loss of consortium claim, holding that such a claim is an independent cause of action. Our review of the Kentucky's Workers' Compensation Act leads us to conclude that *Floyd* simply does not extend beyond the specific context of MVRA and that its reasoning cannot be stretched to apply to the separate and explicit exclusivity provision of our Workers' Compensation legislation.

The judgments are affirmed.

ALL CONCUR.