ROBERT E. ROBINSON, APPELLEE, V.
COMMISSIONER OF LABOR, APPELLANT.

675 N.W.2d 683

Filed March 12, 2004.   No. S-03-908.

John H. Albin and Thomas A. Ukinski for appellant.

Patrick T. Carraher, of Legal Services of Southeast Nebraska, for appellee.

HENDRY, C.J., WRIGHT, CONNOLLY, GERRARD, STEPHAN, McCORMACK, and MILLER-LERMAN, JJ.

CONNOLLY, J.

The Commissioner of Labor (Commissioner) appeals the district court's order holding that Robert E. Robinson, who was incarcerated, was eligible for unemployment compensation. We determine that the record does not show that Robinson was available for employment and thus, he was ineligible to receive unemployment compensation. Accordingly, we reverse.

## BACKGROUND

Robinson was incarcerated in October 2002 and was later approved for work release. At that time, he was employed by a local roofing company. Robinson was laid off work on January 14 or 15, 2003, and his employer stated that it expected to recall him in 4 to 6 weeks. Robinson applied for unemployment benefits and asked his girl friend to call and file his weekly claim for benefits. On January 29, an adjudicator at the Department of Labor discovered that Robinson was incarcerated. The adjudicator testified that she then spoke with a correctional officer who stated that Robinson was no longer on work release effective January 15.

Robinson testified, however, that the work release coordinator advised him to file for unemployment benefits and told Robinson

that he should be eligible because he was not required to seek other employment. Robinson stated that his work release privilege was temporarily suspended because he was laid off and that it was not revoked. He then stated: "A judge's order from the District Court in Lancaster County has been temporarily rescinded." The adjudicator determined that Robinson was not available for employment and issued a determination that he was ineligible for benefits.

Robinson appealed to the appeal tribunal of the Department of Labor. The tribunal determined that a work release authorization was not in place and that Robinson was unavailable to immediately accept employment; the tribunal affirmed the denial of benefits. Robinson appealed to the district court.

The district court reversed, finding that Robinson was available for employment because he was not required to seek additional employment to receive benefits and could return to his employer on work release after the layoff ended. The Commissioner appeals.

## ASSIGNMENT OF ERROR

The Commissioner assigns, rephrased, that the district court erred when it found that Robinson was available for work and thus entitled to benefits.

## STANDARD OF REVIEW

■ In an appeal from the Nebraska Appeal Tribunal to the district court regarding unemployment benefits, the district court conducts the review de novo on the record. *Vlasic Foods International v. Lecuona*, 260 Neb. 397, 618 N.W.2d 403 (2000).

■ Judgments issued by a district court on a petition for review under the Administrative Procedure Act may be appealed to the Nebraska Court of Appeals under general civil procedure rules. *Id.* The decision in the district court may be reversed, vacated, or modified by an appellate court for errors appearing on the record. The inquiry on appeal, however, is limited to whether the decision conforms to the law, is supported by competent evidence, and is neither arbitrary, capricious, nor unreasonable. *Id.*

## ANALYSIS

The Commissioner contends that because Robinson was incarcerated, he was not available for employment. Availability is

required for eligibility to receive unemployment compensation benefits. Robinson argues that because he was an " 'attached' " employee who was not required to seek employment while he was laid off, he was available for employment. Brief for appellee at 7.

Neb. Rev. Stat. § 48-627(3) (Reissue 1998) provides that an unemployed individual is eligible for benefits only when "[h]e or she is able to work and is available for work."

The general test whether a person is available for work is whether the claimant is able, willing, and ready to accept suitable work which he or she does not have good cause to refuse. See *George A. Hormel & Co. v. Hair*, 229 Neb. 284, 426 N.W.2d 281 (1988). After a person becomes unemployed, he or she must remain able to work to receive benefits. *Ponderosa Villa v. Hughes*, 224 Neb. 627, 399 N.W.2d 813 (1987).

Under Neb. Rev. Stat. § 47-401 (Reissue 1998), "[a]ny person sentenced to a city or county jail upon conviction for a misdemeanor, a felony, contempt, or nonpayment of any fine or forfeiture may be granted the privilege of leaving the jail during necessary and reasonable hours for . . . [w]orking at his or her employment." Neb. Rev. Stat. § 47-402 (Reissue 1998) provides:

> The privilege of leaving the jail as set forth in section 47-401 shall be granted only by written order of the sentencing court, after conferring with the chief of police, county sheriff, or such other person as may be charged with the administrative direction of the jail, specifically setting forth the terms and conditions of the privilege granted. The prisoner may petition the court for such privilege at the time of sentencing, or thereafter, and, in the discretion of the court, may renew his or her petition. The court may withdraw the privilege at any time by written order entered with or without prior notice.

Here, the record shows that Robinson was not required to look for new employment to be eligible for unemployment compensation. But he also had to be available for work which, under § 47-402, requires a written order from the sentencing court. At the hearing, Robinson stated that an order of the court had been temporarily rescinded. Thus, the record contains no evidence that an order was in effect that would allow Robinson to leave the jail to return to work. Without an order from the sentencing

court granting Robinson the privilege to leave the jail for work, he could not be "available" for work under § 48-627(3).

Because the record contains no evidence showing a work-related order was in effect, we determine that the district court's conclusion that Robinson was available for work did not conform to the law and was not supported by competent evidence. Accordingly, we reverse.

REVERSED.