FERNANDO LECUONA III, COMMISSIONER, NEBRASKA WORKFORCE
DEVELOPMENT, DEPARTMENT OF LABOR, APPELLANT,
V. DENISE M. CRAMER, APPELLEE.

714 N.W.2d 786

Filed May 23, 2006.    No. A-05-822.

John H. Albin and Thomas A. Ukinski for appellant.

No appearance for appellee.

SIEVERS, MOORE, and CASSEL, Judges.

MOORE, Judge.

## INTRODUCTION

The Commissioner of Labor appealed from the decision of
the district court for Sarpy County which ruled that the claimant

was eligible to receive unemployment benefits because she was no longer a student. Although our reasoning differs from the district court's, we affirm.

## BACKGROUND

Denise M. Cramer was working full time for Amsan, LLC, when she was admitted into an accelerated degree program on July 23, 2004, at Bellevue University (Bellevue). Bellevue's accelerated degree program allows a student to obtain a bachelor of science or arts degree in 1 year of study. As a prerequisite to the accelerated program, students must have either an associate degree or 60 hours of transferable credit. An additional prerequisite to beginning the program is that students be employed at least 30 hours per week in a work setting where the academic content of the major can be applied. Bellevue classifies students in the accelerated program as "full-time students," and Cramer testified that she was a "full-time" student under Bellevue's classification scheme. Cramer was pursuing a bachelor of science degree in marketing management via the accelerated program, and her classes were held on Saturdays from 8 a.m. to 12 p.m. Cramer testified that she typically devoted 1 to 2 hours of time outside of class each day for the course.

On August 26, 2004, 2 days before classes began, Cramer received notice from Amsan that her position was being eliminated and that her last day at Amsan would be September 30. On October 6, Cramer filed a claim for unemployment insurance benefits. The claim was based on wages Cramer earned at Amsan during the base period of the third quarter of 2003 through the end of the second quarter of 2004.

On October 15, 2004, Cramer received a "Notice of Adjudicator's Determination" which stated that she was disqualified from receiving unemployment benefits. The determination stated as follows:

> You are currently enrolled as a full time student. The majority of the wage credits used to establish your claim were not earned while you were a student. You are therefore disqualified from receiving benefits while you are enrolled and attending school as a full time student. You

may reapply for benefits when you are no longer a full time student.

You are disqualified from benefits effective 10-03-2004.

Cramer appealed to the Nebraska Appeal Tribunal. The tribunal reversed the determination and denial of benefits, finding that although a student " 'registered for full attendance' " would be disqualified from receiving benefits under Neb. Rev. Stat. § 48-628(7) (Reissue 2004), Cramer's particular situation did not meet this statutory definition. The tribunal found that despite Bellevue's classification of Cramer as a "full-time" student, attending class on Saturdays for 4 hours was not "full attendance" under the statute. Fernando Lecuona III, the Commissioner of Labor (the Commissioner), appealed to the district court.

The district court affirmed, albeit on a different basis than the tribunal. The district court first found that Bellevue's program required Cramer to be employed 30 hours per week. The district court then found that when Cramer was terminated from her employment with Amsan, this effectively terminated her status as a full-time student, and that therefore, Cramer was not disqualified from receiving benefits based on a "student" status. The Commissioner appeals.

## ASSIGNMENT OF ERROR

The Commissioner assigns, rephrased, that the district court erred when it found that Cramer was no longer a student and, thus, was entitled to benefits, because this finding was not supported by competent evidence.

## STANDARD OF REVIEW

A judgment or final order rendered by a district court in a judicial review pursuant to the Administrative Procedure Act may be reversed, vacated, or modified by an appellate court for errors appearing on the record. *Lecuona v. McCord*, 270 Neb. 213, 699 N.W.2d 403 (2005). When reviewing a judgment for errors appearing on the record, the inquiry is whether the decision conforms to the law, is supported by competent evidence, and is not arbitrary, capricious, or unreasonable. *Id.* In instances when an appellate court is required to review cases for error appearing on the record, questions of law are nonetheless reviewed de novo on the record. *Id.*

## ANALYSIS

The Commissioner asserts that the district court erred when it found that Cramer was no longer a student and, thus, was eligible for benefits. Specifically, the Commissioner claims that the district court's finding that Cramer was terminated from the accelerated program when she was terminated from her employment with Amsan was not supported by competent evidence.

In general, students are disqualified from receiving unemployment benefits under § 48-628(7). In finding that Cramer was not disqualified from receiving benefits as a "student," the district court stated that "because the program in which [Cramer] was enrolled required her to be employed 30 hours per week, when her employment ended by downsizing[,] her status as a full time student would have terminated, [and] therefore she is not disqualified." No further discussion was given regarding the district court's conclusion.

The record from the tribunal proceedings, which was admitted into evidence at the district court proceedings, includes an excerpt from Bellevue's course catalog. Under the heading "Prerequisite for the Major," the catalog states that "[p]rior to beginning" the accelerated degree program, the student must "[c]urrently be employed at least 30 hours per week in a work setting where the academic content of the major can be applied." A plain reading of this excerpt seems to indicate that employment is a prerequisite to beginning the program, rather than a requirement for maintaining enrollment in the program as the district court found. Further, the record also includes a letter from Bellevue's "Office of the Registrar," dated November 18, 2004, which states that Cramer was currently enrolled in the program. This indicates that Cramer was still enrolled in the program as of November, even though her employment with Amsan was terminated September 30. The record does indicate that at times, Cramer's testimony was unclear regarding whether the 30-hour work requirement was a condition to beginning the program or a requirement for maintaining enrollment in the program. However, this testimony was more fully developed upon questioning by the tribunal, and Cramer indicated that the work requirement was a prerequisite to first entering the program.

The record does not support the finding that Cramer was terminated from the accelerated program when she lost her job with Amsan. We have reviewed the district court's order for errors appearing on the record, and we find that the order is not supported by competent evidence.

While we hold that the district court's finding that Cramer was no longer a student at Bellevue was not supported by competent evidence, we agree with the district court's conclusion that Cramer was not disqualified from receiving benefits as a student. A proper result will not be reversed merely because it was reached for the wrong reason. *In re Trust Created by Cease*, 267 Neb. 753, 677 N.W.2d 495 (2004).

In general, students are disqualified from receiving unemployment benefits under § 48-628(7). Section 48-628 provides, in relevant part, as follows:

> An individual shall be disqualified for benefits:
>
> . . . .
>
> (7) For any week of unemployment if such individual is a student. For the purpose of this subdivision, student shall mean an individual *registered for full attendance* at and *regularly attending* an established school, college, or university, unless the major portion of his or her wages for insured work during his or her base period was for services performed while attending school, except that attendance for training purposes under a plan approved by the commissioner for such individual shall not be disqualifying.

(Emphasis supplied.)

Section 48-628(7) provides that "student[s]" are disqualified from receiving unemployment benefits, with two exceptions: when the majority of the student's wage credits were earned while the student was attending school or if the student is enrolled in a training program approved by the Commissioner of Labor. Neither of those exceptions applies in the present case, and Cramer is disqualified from receiving benefits if she meets the statute's definition of "student": an individual (1) registered for full attendance and (2) regularly attending. Neither party disputes that Cramer was "regularly attending" Bellevue. Thus, the primary issue before us is whether Cramer was "registered for full attendance" at Bellevue.

The meaning of "registered for full attendance" under § 48-628(7) is an issue of first impression in Nebraska. The Commissioner asserts that the plain meaning of this statutory phrase is that the individual is registered as a "full-time student" at the school, college, or university. Brief for appellant at 15. The Commissioner further argues that because Bellevue classified Cramer as "full-time," Cramer is disqualified from receiving benefits. *Id.* We disagree and find that the meaning of the phrase is ambiguous and subject to interpretation. A statute is open for construction when the language used requires interpretation or may reasonably be considered ambiguous. *Soto v. State*, 269 Neb. 337, 693 N.W.2d 491 (2005), *modified on other grounds* 270 Neb. 40, 699 N.W.2d 819. In construing a statute, a court must look at the statutory objective to be accomplished, the problem to be remedied, or the purpose to be served, and then place on the statute a reasonable construction which best achieves the purpose of the statute, rather than a construction defeating the statutory purpose. *Id.*

In our research, we have found no cases which interpret the particular phrase "registered for full attendance" for disqualification purposes. But see *Lee v. Job Service North Dakota*, 440 N.W.2d 518 (N.D. 1989) (holding that similar statute which disqualifies full-time college students from unemployment benefits does not violate due process and equal protection clauses of state and federal Constitutions). However, we have found cases which interpret student exclusions in the context of similar "nontraditional" students which we find instructive. The Supreme Court of Idaho, in *Smith v. Department of Employment*, 100 Idaho 520, 521, 602 P.2d 18, 19 (1979), was called upon to interpret Idaho's statutory unemployment compensation exclusion for persons " ' "attending a regular established school excluding night school." ' " The claimant in that case was attending early morning summer college classes, from 7 to 8:30 or 9 a.m. 5 days a week. Despite the literal language of the statute, the court resorted to statutory construction in determining that the claimant was entitled to receipt of unemployment compensation benefits. The court concluded:

> In order to construe this section of the [Idaho] Employment Security Act to be consistent with the purposes

of the act, *i. e.*, to provide unemployment compensation to those persons who are unemployed through no fault of their own, who are desirous of employment, and who are not engaging in any activity which would preclude their availability for full time work, we conclude that the language of [the statute] permits receipt of benefits by an otherwise eligible claimant whose enrollment in school does not affect the claimant's availability for suitable full time employment.

*Smith*, 100 Idaho at 522-23, 602 P.2d at 20-21.

In a more recent case, the Illinois Appellate Court addressed a similar issue in *Moss v. Department of Employment Sec.*, 357 Ill. App. 3d 980, 830 N.E.2d 663, 294 Ill. Dec. 251 (2005). The claimant in that case was attending college classes from 7 a.m. until noon Wednesday to Saturday. The relevant state statute made a person ineligible for unemployment benefits if his or her "'principal occupation'" was that of a student. *Id.* at 985, 830 N.E.2d at 668, 294 Ill. Dec. at 256. The court in *Moss* first reviewed the primary purpose of Illinois' unemployment insurance act, which it found is to provide compensation benefits to unemployed individuals to alleviate their economic distress caused by involuntary unemployment. The court noted that one of the factors determining eligibility for benefits under the act is whether the claimant is "able and available for work" and that an individual is deemed unavailable for work when his principal occupation is that of a student. *Id.* The court found that the plain language of the statute does not render *all* students ineligible, just those whose principal occupation is that of a student. The court stated that the correct focus in determining whether a claimant's principal occupation is that of a student is on whether the claimant has placed restrictions on her job search because of her status as a student. According to the *Moss* court, the analysis should focus on whether work is subordinate to and geared around an educational program as well as on the claimant's availability to work a full-time job with her school commitments. Finally, the court recognized that the circumstances of each case must be considered before making the determination whether someone's principal occupation is that of a student. Since the claimant in *Moss* was available for work and scheduled school around work, remaining willing to change her school schedule to

accommodate a full-time job, the court determined that she was eligible for benefits.

We now turn to an analysis of Nebraska's unemployment law. The Employment Security Law is to be liberally construed in order that its beneficent purpose of paying benefits to involuntarily unemployed workers may be accomplished. *Dillard Dept. Stores v. Polinsky*, 247 Neb. 821, 530 N.W.2d 637 (1995); *Sorensen v. Meyer*, 220 Neb. 457, 370 N.W.2d 173 (1985); *Memorial Hosp. of Dodge Cty. v. Porter*, 4 Neb. App. 716, 548 N.W.2d 361 (1996). A condition to being eligible to receive unemployment benefits is that the individual be "available for work." See Neb. Rev. Stat. § 48-627(3) (Reissue 2004). The general test whether a person is available for work is whether the claimant is able, willing, and ready to accept suitable work which he or she does not have good cause to refuse. *Robinson v. Commissioner of Labor*, 267 Neb. 579, 675 N.W.2d 683 (2004).

It is reasonable to construe the exclusionary phrase relating to students "registered for full attendance" under § 48-628(7) in conjunction with whether the claimant is "available for work" under § 48-627. This determination must be made based upon the particular facts and circumstances of each case. In this case, Cramer attended classes only on Saturdays from 8 a.m. to 12 p.m. We find that unlike a more traditional course of study, wherein students registered for 12 or more credit hours attend classes held throughout the week during the day, Cramer's particular educational program allowed her to be "available for work." In fact, the Bellevue catalog states that the accelerated programs are offered to "working adult students," and the fact that classes are held on Saturday mornings certainly seems to accommodate a full-time job. Cramer herself testified that she was seeking full-time employment and that she was willing to work full time. Cramer would not have had to place restrictions on her job search because of her status as a student. Nor did Cramer's work appear to be subordinate to and geared around her enrollment in the accelerated program. Cramer would have been able to work a full-time job with her school commitments.

Our decision, however, is not meant to open the door for all students to seek unemployment benefits when they find themselves out of work.

"It should not be assumed that this decision will set a precedent for large numbers of college students to finance their college education by way of unemployment compensation benefits. The factual situations in this case . . . are clear, and they permit the courts to draw a line between claimants who are basically students and claimants who are basically committed to the work-force but in addition are attempting to better themselves by continuing their education."

*Moss v. Department of Employment Sec.*, 357 Ill. App. 3d 980, 987-88, 830 N.E.2d 663, 670, 294 Ill. Dec. 251, 258 (2005), quoting *Patronas v. Unemployment Comp. Bd. of Review*, 5 Pa. Commw. 491, 291 A.2d 118 (1972).

Under the particular facts of this case, we find that Cramer is not disqualified from receiving unemployment benefits, because Cramer is not a "student" as defined by § 48-628(7). Although our reasoning differs from that of the district court, we agree with the district court's ultimate determination that Cramer was not disqualified from receiving benefits based on a "student" status. The district court's order affirming the appeal tribunal's determination that Cramer is entitled to benefits for weeks claimed, if otherwise eligible, is affirmed.

## CONCLUSION

The district court's order was not supported by competent evidence. However, the district court was correct when it concluded that Cramer was not disqualified from receiving benefits based on a "student" status. For the reasons stated, we affirm the order of the district court.

AFFIRMED.